Mason, J.
This is an action for assault and battery. The complaint is verified, and the plaintiff requires an answer under oath. The defendant applies for leave to put in an answer without oath, on the ground that an answer under oath might subject him to a criminal prosecution.
The 133d section of the code of 1848, required all pleadings to be verified by the oath of the party or his attorney, except where the party would be privileged from testifying to the same matter, in which ease the verification might be omitted; and it also declared that no pleading if verified, should be used in a criminal prosecution against the party as proof of a fact admit *685 ted or alleged in such pleading. If this section were still in force, the defendant would be excused from verifying his answer, since there is no rule better settled than that a witness cannot be compelled to criminate himself. The principle of the rule has also been incorporated in the constitution of 1846, which provides that no person shall be compelled in a criminal case to be a witness against himself. The constitution of 1821 contained a similar clause.
In the amended code, however, this protection to the rights of parties has not been inserted, and the counsel for the plaintiff insists that the legislature intended by this omission to compel a defendant in all cases to answer the specific allegations of the complaint, under oath, when the complaint had been sworn to, and that without regard to the question whether the answer would or would not criminate the party. If he is right in this position, it would be in the power of the plaintiff to deprive his adversary of the benefit of this most salutary rule. Such, however, could not have been the intention of the legislature; and we ought not so to interpret their meaning as to bring it in conflict with the terms or spirit of the constitution, if it is susceptible of a construction in harmony with both ; and we apprehend that the legislature did not intend to interfere in the least with the principle that a man cannot be obliged to criminate himself. That had been settled by higher authority. All they meant to say was, that a party who wishes to avail himself of such a defence, or rather excuse, must do so under the sanction of an oath. He is not precluded from saying that an answer to the whole or any particular allegation of the complaint may subject him to a criminal prosecution, but if he does offer that excuse, he must verify it by his oath. This would be in analogy to the doctrine of courts of equity, from whence many of the principles of pleading adopted in the code, are taken. It is the established rule in those courts, that answers and pleas, except in some few cases, must be verified by the oath of the party, unless the complainant expressly waives the oath; yet it has always been held, that a defendant could plead that an answer might subject him to a criminal prosecution, or might set up the same excuse in his answer. Such *686 a plea or answer, however, does not deprive the plaintiff of the relief he asks ; its only effect is to put him upon proof of his case. The facts charged, on which he founds his claim, are considered as denied, precisely as if the defendant had put in an answer denying them specifically. Such was the rule as laid down by Lord Hardwicke, in Brownsword v. Edwards, (2 Ves. Sen. 243,) and such is the rule in England at the present day. (Beames’ Pleas in Equity, 267, &c.)
The defendant in this case, therefore, cannot put in an answer without oath, but he may state under oath, that an answer to the specific allegations of the complaint would, or might subject him to a criminal prosecution; and such statement, when verified as required by the code, is to be deemed as putting in issue all the allegations of the complaint, in the same manner and with the like effect as if they had been each of them denied by the defendant. If there are any allegations in the complaint which the defendant may safely answer, he must do so in the ordinary way.
Order accordingly, but without costs to either party.