## SUPREME COURT.

THOMAS AND PLUMB Overseers of the Poor of the town of Homer agt. HARROP.

A plaintiff can not demur to an answer, which does not purport to do more than deny some of the allegations of the complaint.

The answer must set up new matter constituting a defence and requiring a reply, to authorize a demurrer (*Code*, § 153).

A defendant called upon to answer under oath may avail himself of the well settled doctrine, that no man is bound to accuse himself of any crime, or to furnish any evidence to convict himself thereof (*Const. art.* 1, § 6).

*Cortland Special Term, July* 1852. *Demurrer to the Answer.* This is an action brought to recover of the defendant certain penalties for violation of the excise law regulating inns and taverns. The complaint alleges that plaintiffs are overseers of the poor of the town of Homer in the county of Cortland, and that the defendant has sold spirituous and intoxicating liquors in said town without having a license therefor, and states time, &c. The complaint is on oath. The defendant answers on oath, and admits that the plaintiffs are overseers of the poor of said town, and for further answer says that he can not answer any allegations of the complaint without the hazard of accusing himself of a misdemeanor and criminating himself, and requests that his answer may be deemed a denial of the complaint. To this answer the plaintiffs have demurred.

H. L. BALLARD, *for Defendant.*

R. H. DUELL, *for Plaintiffs.*

MASON, Justice —The plaintiffs in this case have mistaken their remedy in demurring to this answer. They should either have moved to strike out the answer and for judgment, or else noticed the cause for trial at the circuit and applied for judgment there. The plaintiff can not demur to an answer which does not purport to do more than deny some of the allegations of the complaint. It is only where the answer sets up new matter constituting a defence, and which would require a reply from

the plaintiff that he can, under the present system, demur to the answer.  The 153d section of the Code settles this question, and only allows the demurrer in the case above stated.  Indeed the plaintiff could never, under our former system of pleading, demur to the general issue, and such is the legal effect of an answer which barely denies the allegations of the complaint.  The demurrer in this case, in legal effect, is that the defendant has not denied a single allegation of the complaint, and it seems to me this is a strange point for the plaintiffs to make.  It is not necessary to decide whether this is a good answer as a denial of the allegations of the complaint.  I am inclined to think, however, the answer should be allowed to stand, and be deemed to put the plaintiff to the proof of his case.

The maxim of the common law is, " *Nemo tenetur se ipsum prodere*," and is founded on the fundamental principles of constitutional right.  This doctrine was firmly settled and incorporated into the common law of England at an early day, and was brought to this country by our ancestors, and has been steadfastly maintained as amongst the most inestimable rights of the citizens of this state.  This doctrine, that no man is bound to accuse himself of any crime, or to furnish any evidence to convict himself thereof, is now the fundamental law of this state (§ 6 *of Art.* 1 *of the Constitution*).  The same provision was inserted in the constitution of 1821.  This principle with us is, therefore, placed beyond the power of legislative encroachment, and our courts have held under the Code of 1848 and 1849, that no such encroachment was attempted by the provision requiring the defendant to swear to his answer in a civil action (Hill vs. Muller, 2 *Sanf. S. C. R.* 684; White vs. Cummings, 3 *id.* 716; Clapper vs. Fitzpatrick, 3 *How, Pr. R.* 314; Bailey vs. Dean, 5 *Barb. R.* 297); and although the Code of 1851 would seem to throw some obscurity over this subject, yet I can not think it was the intention of the legislature to interfere with this constitutional right of the citizen, and I think we may safely hold that this last amendment is not repugnant to the doctrines contained in the adjudications under the Codes of 1848 and 1849, above referred to; and such is the opinion expressed by Whittaker in his new practice, page 164.  The demurrer in this case

must be overruled, but as the answer is at most but a denial of the complaint, and not therefore requiring a reply, I do not see how he can have a judgment in the action against the plaintiffs, unless he prevails upon the issue of fact (6 *How. Pr. R.* 113).