HENRY A. GADSDEN, Respondent, *v.* EDWARD H. WOODWARD, Appellant.

An action against a director of a manufacturing corporation to recover a debt of the corporation, because of a failure to file the annual report required by the Manufacturing Act (§ 12, chap. 40, Laws of 1848), is an action to recover a penalty.

As, therefore, under the Code of Civil Procedure (§ 523), the verification of an answer may be omitted "in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness," and as also it is declared by said Code (§ 837) that a witness shall not be required to give an answer which will tend to expose him to a penalty, although the complaint in such an action, be verified, the defendant is not required to verify his answer.

(Submitted June 15, 1886; decided October 5, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 11, 1886, which affirmed an order of Special Term, which denied a motion on the part of defendant Woodward to compel plaintiff to accept an unverified answer.

This was an action against directors of a manufacturing corporation to recover a debt due from the corporation, because of failure to file an annual report.

The complaint was verified, an answer unverified was served, but plaintiff's attorney served notice on defendant's attorney that the plaintiff elected to treat it as a nullity because not verified.

*James B. Dill* for appellant. The defendant was entitled to serve an unverified answer. (Code of Civ. Pro., §§ 323, 837 ; *Hughan* v. *Woodward,* 2 How. Pr. [N. S.] 127 ; *Henry* v. *Salina Bk.,* 1 N. Y. 83 ; *Livingston* v. *Thompson,* 4 Johns. Ch. 415 ; *Merchants' Bk.* v. *Bliss,* 35 N.Y. 412 ; *Stokes* v. *Stickney,* 96 id. 326 ; *Veeder* v. *Baker,* 83 id. 156.) This action does not in its nature partake, as far as the form of practice is concerned, of the nature of an action on contract. (*Stokes* v. *Stickney,* 96 N. Y. 323 ; *Halstead* v. *Dodge,* 51 Sup. Ct. 178.) Section 837 of the Code of Civil Procedure does not require a witness to give an answer which will tend to accuse himself of a crime or misdemeanor, or to expose him to a penalty or forfeiture. (*Merchants' Bk.* v. *Bliss,* 35 N. Y. 416 ; *Veeder* v. *Baker,* 83 id. 160.) This was an action for a "penalty or for_ feiture" within the meaning of section 837 of the Code. (*Merchants' Bk.* v. *Bliss,* 35 N. Y. 416 ; *Wiles* v. *Suydam,* 64 id. 170; *Veeder* v. *Baker,* 83 id. 160 ; *Stokes* v. *Stickney,* 96 id. 323).

*Wilmot & Gage* for respondent.

RAPALLO, J. The Code of Civil Procedure provides that the verification of an answer may be omitted (where not otherwise expressly prescribed), where the party pleading would

be privileged from testifying as a witness concerning an allegation or denial contained in the pleading. (§ 523.)

Section 837 declares that a witness shall not be required to give an answer which will tend to expose him to a penalty or forfeiture.

This action is brought against the defendant to recover a debt due by a manufacturing corporation of which he was a trustee, and he is sought to be made liable therefor on the ground that he failed to make the annual report required by the general manufacturing law. The action is not to recover a debt which he owes, but to impose upon him, as a penalty for his default, the payment of the debt of the corporation.

We have repeatedly held that such an action is an action for a penalty or forfeiture. Any admission which he might make in his answer, in support of the plaintiff's allegations, would, therefore, necessarily tend to expose him to a penalty. (*Merchants' Bank* v. *Bliss*, 35 N. Y. 412. *Veeder* v. *Baker*, 83 id. 156; *Stokes* v. *Stickney*, 96 id. 326.)

The liability sought to be enforced against the defendant does not arise out of any contract obligation but is imposed by the statute as a penalty for disobedience of its requirement.

The distinction between the nature of this liability and that of stockholders under the same statute is clearly pointed out in *Wiles* v. *Suydam* (64 N. Y. 173), and *Veeder* v. *Baker* (83 id. 156, 160).

This action is not founded on any debt owing by the defendant. The debts owing by the company are made the measure the penalty.

The orders should be reversed and the motion granted with costs in the court below and one bill of costs in this court.

All concur.

Orders reversed.