## FRANKS *v.* REIMER.

*(City Court of New York, Special Term.* December 30, 1889.)

DISCOVERY—SELF-CRIMINATION.
  Where defendant alleges in his affidavit for an order for the examination of plaintiff that the note in suit was obtained from him by a conspiracy, and that he desires to ascertain whether plaintiff was privy to the crime, the order must be vacated, as, under the New York Code, no examination can be had where the disclosure might subject the witness to a penalty.

On motion to vacate order for examination.
Action by Jacob Franks against Samuel Reimer on a note.
*Jacob Monheim,* for plaintiff.    *A. H. Berrick,* for defendant.

McADAM, C.J.    The defendant seeks to examine the plaintiff as a witness, to enable the former to prepare his answer to the complaint, which is on a note made by the defendant,  The latter alleges in his affidavit that the note was obtained from him by means of a conspiracy, and he desires to ascertain whether the plaintiff was a party or a privy to the crime.  A bill of discovery was not maintainable where the disclosure sought might subject the party to a penalty forfeiture, or render him liable to a criminal prosecution.  See cases collated in 1 Civil Proc. R. 75, nor can such an examination be had, under the Code, even to the extent of compelling the witness to plead his privilege as an excuse for not answering.  *Corbett* v. *De Comeau,* 44 N. Y. Super. Ct. 306; *Kinney* v. *Roberts,* 26 Hun, 166; *Trading Co.* v. *Brown,* 27 Hun, 248.  Indeed, so careful is the law in protecting a party from self-crimination, that in a penal action he need not verify his answer, although the complaint is verified.  *Gadsen* v. *Woodward,* 103 N. Y. 242, 8 N. E. Rep. 653.  For these reasons the order for examination will be vacated.  No costs.