In the Matter of the Petition of GEORGE W. PECK, Respond-
ent, for an Order Revoking and Canceling Liquor Tax
Certificate No. 25,679, Issued to NORMAN B. CARGILL,
Appellant.

1. LIQUOR TAX LAW — INSUFFICIENT PETITION FOR REVOCATION OF
CERTIFICATE.  The Liquor Tax Law (L. 1896, ch. 112, § 28), authorizing
any citizen to commence a summary proceeding to forfeit the right to carry
on business on account of acts which constitute a crime, by a petition to
a judge or the court, but expressly providing that the "petition shall
state the facts upon which said application is based," is not satisfied or
complied with by a petition which merely states that the petitioner is
informed and believes that the particular facts exist or that the party
charged has committed the forbidden act in violation of law, without
even a statement of the sources of the information or the grounds of the
belief, and, hence, such a petition furnishes no sufficient basis for the
revocation of a liquor tax certificate.

2. FAILURE OF HOLDER TO ANSWER CHARGES UNDER OATH DOES NOT
AUTHORIZE REVOCATION OF CERTIFICATE IN ABSENCE OF PROPER PETI-
TION.  The provision of the statute that after service of the petition and
an order to show cause on the holder of the certificate five days before
returnable, the judge before whom it is returnable shall revoke or cancel
the certificate unless the holder shall present and file a verified answer
raising an issue as to some material fact in the petition, in which event
the judge is required to take proof of the disputed facts, but otherwise an
order may be granted by default, does not dispense with a petition con-
taining proper jurisdictional facts, and when there is a default authorize
the court to revoke the certificate, since it is not within the power of the
legislature to dispense with the necessary allegations and proof of the
facts constituting the offense by enacting virtually that no proof need be
given by the state unless the party charged with the violation of the law
denies the charges under oath.

*Matter of Peck,* 57 App. Div. 635, reversed.

(Argued April 15, 1901; decided June 11, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
January 8, 1901, affirming an order of Special Term revok-
ing and canceling liquor tax certificate No. 25,679, issued to
Norman B. Cargill.

The facts, so far as material, are stated in the opinion.

*George D. Forsyth* for appellant. The petition being wholly upon information and belief, presented no legal evidence which justified the court in making the show cause order. (*Roderigas* v. *E. R. S. Inst.*, 76 N. Y. 323; *Mowry* v. *Sanborn*, 65 N. Y. 581; *Martin* v. *Goss*, 4 N. Y. Supp. 437; *Campbell* v. *Morrison*, 7 Paige, 157; *Bank of Orleans* v. *Skinner & Slason*, 9 Paige, 305; *People ex rel.* v. *Pratt*, 22 Hun, 302; *Blodgett* v. *Race*, 18 Hun, 132; *Matter of Rochester*, 11 Abb. [N. C.] 122; *State* v. *Lanus*, 26 Me. 261; *Plummer* v. *Commonwealth*, 1 Bush, 2.) This order to show cause contained an injunction restraining the certificate holder from transferring his property in the certificate. Such an order cannot be issued without legal evidence or upon information and belief. (*Herman* v. *Goodson*, 18 Misc. Rep. 604; *Niles* v. *Mathusa*, 20 App. Div. 483.)

*Nelson E. Spencer* for George W. Peck, respondent. The petition complied with the statute, and the justice not only had jurisdiction, but was required, to make the order to show cause, as of course. (*People ex rel.* v. *McGowan*, 44 App. Div. 30.)

*William E. Schenck* for special deputy commissioner of excise.

O'BRIEN, J. This is an appeal from an order which revoked and canceled a liquor tax certificate held by the appellant.

These certificates are recognized by the statute under which they are issued as a species of property transferrable from one to another. They are the evidence of a right or privilege to carry on a certain kind of business, issued by the state to the individual, and hence a thing of pecuniary value. In this case the holder of the certificate has been deprived of it by the order appealed from, which revoked and canceled it. This has been done on the ground that he was guilty of a violation of the law by selling liquor on Sunday. The order so adjudges. No one has testified, or even alleged, that he committed that

offense. The petitioner does allege that he is informed and believes that the holder of the certificate has been selling beer, whisky and wine "during the last three months" on Sunday, and that is absolutely the only allegation or proof in the record to uphold the order complained of. It is said that this is all that the statute requires, and that the certificate has been revoked by a proceeding authorized by law which has been literally complied with in this case. A statute which would permit the rights of a party to be summarily disposed of in that way would be of very doubtful validity. We think that the statute in question requires, upon any fair construction, something more. It does authorize any citizen to commence such a proceeding by petition to a judge or the court, but it expressly provides that the "petition shall state the facts upon which said application is based." (Liquor Tax Law, § 28.) When the law requires that the facts shall be stated, as the basis of a summary proceeding to forfeit the right to carry on business by reason of acts which constitute a crime, it is not complied with by the presentation of a petition, every allegation of which is upon information and belief, without even a statement of the sources of the information or the grounds of the belief. The liberty and property or personal rights of the citizen have practically no protection if they can be taken away or destroyed by such a proceeding on the part of any one who is willing to become a party to such a controversy, and without producing any proof whatever of the acts constituting the offense charged. The least that should be required in such a case is that the petition should state the facts positively upon oath, unless the statute expressly permits a statement upon information and belief, and this statute does not. A special statutory requirement, that a party must state certain facts as a basis for an order revoking a certificate of the right to carry on a certain business, is not satisfied or complied with by a mere statement that the moving party suspects or is informed and believes that the particular facts exist, or that the party charged has committed the forbidden acts in violation of law. This prin-

ciple would seem to be specially applicable to a case like this, where the acts charged and which are at the foundation of the proceeding, not only subject a party to a penalty or a forfeiture, but are also crimes and punishable criminally. The statute now under consideration authorizes the judge, upon presentation of a petition stating the facts, to grant an injunction against a transfer of the certificate and an order to show cause. The petition does not confer jurisdiction unless it is in compliance with the statute, and a petition in which all the material facts are stated upon information and belief, without disclosing the sources of the information or the grounds of the belief, is no sufficient basis for any judicial action. (*Murphy* v. *Jack,* 142 N. Y. 215; *Buell* v. *Van Camp,* 119 N. Y. 160; *Campbell* v. *Morrison,* 7 Paige, 157; *Cushing* v. *Ruslander,* 49 Hun, 19.)

But it is said that the statute expressly authorized the court, upon the proceedings in this case, to revoke the certificate. The contention is that the statute provides that after service of the petition and an order to show cause on the holder of the certificate five days before returnable, the judge before whom it is returnable shall revoke or cancel the certificate *unless* the holder shall present and file a *verified* answer raising an issue as to some material fact in the petition, in which event the judge is required to take proof of the disputed facts, but otherwise the order of revocation is granted by default. It is true that the statute so provides, but this does not dispense with a petition containing proper averments of the necessary jurisdictional facts. Moreover, it is plain that what the statute practically provides for is that in such cases the accused shall be presumed to be guilty unless he denies his guilt under oath. If he omits to deny the statements of the petition on oath, the facts charged are to be taken as confessed and a forfeiture follows. If the party against whom the proceeding is instituted is really guilty of the offense charged, he is thus compelled to confess his guilt either by his oath or by silence, and then the forfeiture of his property rights follow. He has no other alternative, unless he is

tempted to tamper with his conscience and deny the truth on oath. It is not competent for the legislature to place a citizen in such a disadvantageous position in order to protect his liberty or his property. In any proceeding by the state to deprive him of the one or the other the facts which in law justify it must be alleged and established. The legislature has no power to. enact that they may be inferred or presumed from the silence of the party accused or from his failure to answer under oath. · This is especially true when the acts charged are not only the basis of a penalty or a forfeiture, but constitute a crime. It is the constitutional right of the party charged with the commission of acts which, if true, constitute a crime or create a penalty or impose a forfeiture to answer without verification. No law can be valid which directly or indirectly compels a party to accuse or incriminate himself or to testify by affidavit or otherwise with respect to his guilt or innocence. In every case when he elects to remain silent with respect to any charge involving unlawful acts which are criminal or subject him to a penalty or forfeiture, that is a constitutional privilege which the legislature may not invade. The courts have insisted upon giving to the constitutional provision a construction broad and liberal enough to permit a citizen to remain entirely silent with respect to the truth or falsity of any criminal charge against him, if he so elects, and his right to refuse to verify a pleading is as clearly within the privilege as his right to refuse to testify. The constitutional immunity from every species of incrimination may be as effectually violated by a law which compels a person to plead or deny upon oath any charge involving a criminal offense without regard to the form of the investigation as by a law compelling him to testify as a witness. The privilege of silence secured by the Constitution applies to the one case as well as the other. (*Thomas* v. *Harrop*, 7 How. Pr. 57; *Hill* v. *Muller*, 2 Sandf. 684; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *Counselman* v. *Hitchcock*, 142 U. S. 547; *People* v. *Courtney*, 94 N. Y. 490 ; *People* v. *Sharp*, 107 N. Y. 427; *Gadsden* v. *Woodward*, 103 N. Y. 242.) The prin-

ciples decided in these cases establish the proposition that it was not within the power of the legislature to dispense with the necessary allegations and proof of the facts constituting the offense, by enacting virtually that no proof need be given by the state unless the party charged with the violation of the law denies the charges under oath. The statute virtually authorizes a presumption of guilt from an omission of the accused to testify and, therefore, it is a law adjudging guilt without evidence and reverses the presumption of innocence. An enactment of this character violates fundamental principles binding alike upon the legislature and the courts. (*People* v. *Courtney, supra.*)

The order appealed from should be reversed and the proceeding dismissed, with costs.

MARTIN, J. I concur upon the sole ground that the petition in this case does not state all the facts upon which the application is based otherwise than upon information and belief, without stating the source of the petitioner's information or the grounds of his belief. Although the allegations as to the sale of liquor on Sunday are sufficient and not upon information and belief, other of the essential facts are not so stated, and hence the petition was insufficient to authorize the action of the judge in making the order appealed from.

I do not concur in this decision upon any other ground. While it has been said that a tax certificate possesses some of the elements of property, and to an extent may be so regarded, still it is at most a qualified property, subject to all the provisions of the statute and may be canceled or destroyed in the manner specified. In other words, the right of property is a conditional one, which is subject to all the contingencies provided for by the statute, among which is the liability of being canceled and annulled for any of the reasons and in the manner specified in the statute.

LANDON, J. (dissenting). I dissent. The tenure of a liquor license is conditioned upon the holder's observance of the provisions of the Liquor Tax Law, a tenure very different from

that of the absolute ownership of property. The reason is plain : When he violates the law under which he receives his license, the holder perverts his license into an aid and cover for his violation, and makes it a weapon against the law, and himself a traitor to it. If the state which grants this kind of property for permissible uses, protects it as it does other property, it may aid the abuses it should' suppress. This license holder practically invites the state to take that position. But the real position of the state is not that the license holder shall defend his innocence whenever challenged, but that the instituting of an inquiry into his guilt shall be open to every citizen, and its methods shall be adapted to ascertaining the truth instead of suppressing it. The license holder accepts this condition in accepting his license.

Section 28, sub. 2, permits any citizen to present a verified petition for the revocation of a liquor tax certificate. "Such petition shall state the facts upon which said application is based." The act does not in terms require the facts to be stated positively, or otherwise than upon information and belief. To require more would often result in encouraging the offender to continue his violations, and this the legislature sought to prevent. If the license holder by a verified answer denies the charge, its truth must be judicially determined upon competent evidence. In this case he did not deny it, but took the same objections as if an attachment of his property was in question. For the reasons stated the rules as to attachment are as inappropriate as they are inadequate.

PARKER, Ch. J., BARTLETT, VANN and CULLEN, JJ. (and MARTIN, J., in memorandum), concur with O'BRIEN, J.; LANDON, J., dissents.

Ordered accordingly.