In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 7,606, Issued to MAX MICHA, Appellant.

*Liquor tax certificate — answer under oath in a proceeding for its cancellation — statement of facts in a petition therefor.*

The holder of a liquor tax certificate, who, in a proceeding for the cancellation thereof under subdivision 2 of section 28 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1901, chap. 640), interposes a verified answer, thereby waives his constitutional right to refuse to answer under oath. The requirement of subdivision 2 of section 28 of the Liquor Tax Law, that "such petition shall state the facts upon which such application is based," is complied with when the State Commissioner of Excise makes a formal petition setting forth the essential facts upon information and belief, and makes a part of such petition affidavits containing positive averments of such facts made by persons familiar therewith.

APPEAL by Max Micha, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of January, 1902, canceling a liquor tax certificate theretofore issued to him.

*C. J. G. Hall*, for the appellant.

*William G. Van Loon* [*Herbert H. Kellogg* with him on the brief], for the respondent.

WOODWARD, J.:

Patrick W. Cullinan, State Commissioner of Excise, instituted this proceeding by a petition, accompanied by an order to show cause, under the provisions of subdivision 2 of section 28 of the Liquor Tax Law. (Laws of 1896, chap. 112, as amd. by Laws of 1901, chap. 640.) On the return day fixed in the order to show cause an order of reference was made to take proof and report the evidence to the court without opinion. Preliminary objection having been made to the jurisdiction of the court and the sufficiency of the petition, the order of reference provided that, on the coming in of the report, it might be brought on for a hearing upon the merits by either party. Upon such hearing the court entered an

order revoking and canceling the liquor tax certificate involved, and appeal comes to this court.

The appellant Micha urges that so much of subdivision 2, section 28 of the Liquor Tax Law as provides for the cancellation of a liquor tax certificate by civil proceedings is unconstitutional, and while we are disposed to agree with him that there is an element of unconstitutionality in the statute, as suggested in *Matter of Peck* v. *Cargill* (167 N. Y. 391), we are convinced that the appellant, not having raised this objection below, and having put in a verified answer, is not in a position to test the constitutional question here. His preliminary objections, so far as we are able to gather them from the record, were based upon the proposition that the petition under which the proceeding was instituted did not state facts sufficient to give the court jurisdiction, and not that there was any inherent defect in the statute.   Relying upon these objections, the appellant answered the charges set forth in the petition under oath, and the issues thus raised were tried and found against him.   The rule is well settled that a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and having once done so he cannot subsequently invoke its protection.   (*Sentenis* v. *Ladew*, 140 N. Y. 463, 466.)   The appellant, having put in a verified answer, is in no situation to urge here that he had a constitutional right to refuse to answer under oath.   This is, as we understand it, the extent of the condemnation of the provisions of subdivision 2 of section 28 of the Liquor Tax Law contained in *Matter of Peck* v. *Cargill* (*supra*).   "It is," say the court, "the constitutional right of the party charged with the commission of acts which, if true, constitute a crime or create a penalty or impose a forfeiture to answer without verification."   The rule of law which the courts will enforce in this class of cases, when objection is duly and seasonably made, is waived by the plaintiff when he brings the action, and by the defendant if he pleads generally and goes to trial without insisting upon its benefits. (*Sentenis* v. *Ladew, supra*.)   It has been held that the property right of the owner of a liquor tax certificate is a limited right and that it is not protected by the constitutional right of a jury trial (*Matter of Lyman, Texter Certificate,*

59 App. Div. 217, 220, and authorities there cited), and we are unable to discover that any of the appellant's constitutional rights which have not been waived have been denied.

But the appellant urges, and it was this point which was suggested in the preliminary objections, that the petition was not sufficient in form or contents to give the court jurisdiction. The statute requires that the facts shall be stated upon which the application is based, and the contention of the appellant is that the petition of the State Commissioner of Excise, being made on information and belief, does not constitute a sufficient allegation of facts to give the court jurisdiction. We should find no difficulty in concurring in this view were it true that the petition in the matter now before us did not state the facts positively. Such was the defect in the petition before the court in *Matter of Peck* v. *Cargill (supra)*, and the court were unanimously of the opinion that it was insufficient. But in the matter now before us, while the formal petition of the State Excise Commissioner is made on information and belief, as it necessarily must be in a large majority of cases in which he is called upon to act, the petition is accompanied by the affidavits of two men, and these affidavits are made a part of the petition, in which they detail minutely the facts on which the petition is based, and these affidavits allege, upon the personal knowledge of the men making them, the violations of the Liquor Tax Law, which, if established, justify the revocation of the certificate. This is, it seems to us, a full compliance with the provisions of the statute, which is to be given a reasonable construction in harmony with the established practice of the courts. (*People ex rel. Smaw* v. *McGowan*, 44 App. Div. 30.) The language of the statute is not that the petitioner must state the facts, but that "such petition shall state the facts upon which such application is based," and this is done when the State Excise Commissioner takes the formal steps and supplements his petition with the positive averments of all essential facts made by persons who were familiar with the violations of law depended upon to justify the revocation. The Legislature could never have intended that the Liquor Tax Law should depend for its enforcement upon private citizens or that the State Excise Commissioner should personally investigate and prosecute all violations of the law. He is authorized to take the initiative, and his petition, when containing the facts

sworn to by those who are in a position to know, is sufficient in law for the purpose of giving the court jurisdiction.

We find nothing in the merits of the proceeding to warrant interference and see no reason to hold that the court has not properly disposed of the question of costs. (See note, page 112, Liquor Tax Law, annotated edition, by State Commissioner of Excise, 1901.)

The order appealed from should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.