In re CULLINAN; State Commissioner of Excise.

(Supreme Court, Appellate Division, Second Department.   April 13, 1903.)

1. LIQUOR TAX CERTIFICATE—PROPERTY.
    A liquor tax certificate issued under the present liquor tax law differs
from the license under the former law, in that it is not a mere privilege,
but represents a species of property which is transferable by the owner,
and consequently protected by the general rules of law in any proceed-
ing for the forfeiture or destruction of the rights which the certificate
confers.

2. SAME—REVOCATION—CONSTITUTIONALITY OF LAW.
    The provision of Liquor Tax Law. § 28, subd. 2 (Laws 1896, p. 67, c.
112, as amended by Laws 1901, p. 1532, c. 640), that unless the holder
of a liquor tax certificate files a verified answer to the petition in a pro-
ceeding for its revocation, and denies every alleged violation, and raises
an issue as to any material fact, the judge before whom the proceed-
ing is had shall grant an order canceling the certificate, is in violation
of the constitution, in that it permits the taking of property without
due process of law.

3. SAME.
    The provision is also unconstitutional, in that it compels the certificate
holder, if guilty, to confess his guilt either by his oath or by silence.

4. CONSTITUTIONALITY OF LAW—WAIVER OF QUESTION ON APPEAL.
    In a proceeding for the revocation of a liquor tax certificate under
Liquor Tax Law, § 28, subd. 2 (Laws 1896, p. 67, c. 112, as amended
by Laws 1901, p. 1532, c. 640), providing that an order revoking a cer-
tificate shall be granted upon the holder's failure to file a verified answer
denying the alleged violations, the court offered to receive an unverified
answer upon the certificate holder's refusal to file a verified one.  Held,
that the court's offer to receive an unverified answer did not prevent
the certificate holder from questioning the constitutionality of the law
on appeal, since there is no justification in law for placing him in such
position that his guilt must be presumed and his property forfeited, un-
less he either perjures himself by his answer if guilty, or pleads by
favor in such form as to indicate his own consciousness of the falsity of
his defense.

Appeal from Special Term, Kings County.

Application by Patrick W. Cullinan, as state commissioner of
excise, for an order revoking and canceling liquor tax certificate No.
3,614, issued to Joe Kray.  Order granted, and defendant appeals.
Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and HOOKER, JJ.

Uriah W. Tompkins, for appellant. ·

Herbert H. Kellogg (William E. Schenck, on the brief), for re-
spondent.

HIRSCHBERG, J.  This proceeding was instituted by the state
commissioner of excise by verified petition, and an affidavit of the
facts which was made a part of it, accompanied by an order requir-
ing the appellant to show cause why his liquor tax certificate should
not be revoked, pursuant to the provisions of subdivision 2 of sec-
tion 28 of the liquor tax law (Laws 1896, p. 67, c. 112, as amended
by Laws 1901, p. 1532, c. 640).  On the return day designated in the
order to show cause, the appellant having objected to the jurisdiction

of the court, and having also by objection raised the question that the provision of the law requiring him to present and file a verified answer to the petition, or in default that its averments would be adjudged to be true, is unconstitutional, which objections were overruled, and having thereupon refused to present and file an answer, the order appealed from was granted, revoking the certificate for violations of the law set forth in the petition and affidavit.

In Matter of Cullinan-Micha Certificate, 76 App. Div. 362, 78 N. Y. Supp. 466, affirmed 66 N. E. 1106, we held that a formal petition made by the state excise commissioner, setting forth the essential facts upon information and belief, when accompanied, as in this instance, by an affidavit containing positive averments of the facts within the personal knowledge of the affiant, constituted a sufficient compliance with the requirements of the statute, even prior to the amendment of 1901. In that case the appellant was deemed to have waived the constitutional question by the filing of a verified answer. The question is, however, squarely presented on this appeal, and must now be determined.

The liquor tax certificate issued under the existing law is essentially different from the former license. The license was a mere personal privilege, which the holder took subject to all the conditions of law by which it was rendered revocable. The certificate represents a species of property which is transferable by the owner, and which is accordingly protected by the general rules of law in any proceeding having for its object the forfeiture or destruction of the rights which it confers. Matter of Lyman, 150 N. Y. 96, 54 N. E. 577; Niles v. Mathusa, 162 N. Y. 546, 57 N. E. 184. While it is undoubtedly true that the Legislature which gave the certificate has general power to provide in what manner and under what circumstances it may be revoked, and while it is equally true that the holder takes it subject to the provisions of law attached to it in that respect, these facts must be deemed to be qualified by such constitutional limitations as are placed upon the legislative power for the protection and preservation of the rights and immunities of the citizen and of his free and unrestrained enjoyment of his property. No proof was made of the facts charged against the appellant, and his property has been taken from him upon their mere assertion in the form of an affidavit and upon his refusal to deny them under oath. That under such circumstances the Legislature should have required proof to be made of the truth of the allegations of the petition, and could not lawfully provide for judgment by default, would seem to have been held by the Court of Appeals in Matter of Peck v. Cargill, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888. In that case, which was also instituted for the revocation of a liquor tax certificate, Judge O'Brien said (page 394, 167 N. Y., page 776, 60 N. E., 53 L. R. A. 888):

"It is plain that what the statute practically provides for is that in such cases the accused shall be presumed to be guilty unless he denies his guilt under oath. If he omits to deny the statements of the petition on oath, the facts charged are to be taken as confessed, and a forfeiture follows. If the party against whom the proceeding is instituted is really guilty of the offense charged, he is thus compelled to confess his guilt either by his oath or by

silence, and then the forfeiture of his property rights follows. He has no other alternative, unless he is tempted to tamper with his conscience and deny the truth on oath. It is not competent for the Legislature to place a citizen in such a disadvantageous position in order to protect his liberty or his property. In any proceeding by the state to deprive him of the one or the other, the facts which in law justify it must be alleged and established. The Legislature has no power to enact that they may be inferred or presumed from the silence of the party accused or from his failure to answer under oath. This is especially true when the acts charged are not only the basis of a penalty or a forfeiture, but constitute a crime. * * * No law can be valid which, directly or indirectly, compels a party to accuse or incriminate himself, or to testify by affidavit or otherwise with respect to his guilt or innocence. In every case when he elects to remain silent with respect to any charge involving unlawful acts which are criminal or subject him to a penalty or forfeiture, that is a constitutional privilege which the Legislature may not invade. * * * The constitutional immunity from every species of incrimination may be as effectually violated by a law which compels a person to plead or deny upon oath any charge involving a criminal offense, without regard to the form of the investigation, as by a law compelling him to testify as a witness. The privilege of silence secured by the Constitution applies to the one case as well as the other. Thomas v. Harrop, 7 How. Prac. 57; Hill v. Muller, 2 Sandf. 684; People ex rel. Taylor v. Forbes, 143 N. Y. 219 [38 N. E. 303]; Counselman v. Hitchcock, 142 U. S. 547 [12 Sup. Ct. 195, 35 L. Ed. 1110]; People v. Courtney, 94 N. Y. 490; People v. Sharp, 107 N. Y. 427 [14 N. E. 319, 1 Am. St. Rep. 851]; Gadsen v. Woodward, 103 N. Y. 242 [8 N. E. 653]. The principles decided in these cases establish the proposition that it was not within the power of the Legislature to dispense with the necessary allegations and proof of the facts constituting the offense by enacting virtually that no proof need be given by the state unless the party charged with the violation of the law denies the charges under oath. The statute virtually authorizes a presumption of guilt from an omission of the accused to testify, and therefore it is a law adjudging guilt without evidence, and reverses the presumption of innocence. An enactment of this character violates fundamental principles binding alike upon the Legislature and the courts. People v. Courtney, supra."

It is contended by the learned counsel for the respondent that what has been quoted comprises dictum merely, and that the decision in the Cargill Case was based wholly upon the insufficiency of the petition. Judge Landon dissented upon the ground, substantially, that the holder of the certificate in accepting it accepted the condition imposed by the Legislature as to the form of inquiry for violations. Judge Martin concurred in Judge O'Brien's opinion solely upon the ground that the petition was inadequate. The remaining members of the court concurred without limitation or qualification, and the views cited, constituting, as they do, in any event, a powerful argument against the constitutionality of the provision under consideration, may well be regarded as an expression of the opinion of a majority of the court.

It is further contended on behalf of the respondent that, inasmuch as the order appealed from recites that the learned justice at Special Term offered to receive an unverified answer from the appellant, the question of the unconstitutionality of the act is unavailing to him. Such an offer was not effective to cure the act, or to dispense with the necessity of taking proof of the truth of the violations charged in the petition and affidavit. The logic of the reasoning in the Cargill Case is quite as potent and convincing when addressed to the situation presented by the refusal of the appellant to accept the judicial offer. Indeed, it would seem that the presentation of an unverified

answer where the statute requires one under oath, the unverified answer to be accepted by the court as an act of grace, is a virtual confession, not only of the truth of the charges, but that the accused dare not deny them under oath. There is no justification in law for the placing of a litigant in a position where his guilt must be assumed and a forfeiture of property decreed unless he either perjure himself by his answer, if guilty, or, in order to avoid that result, consent to plead by favor in such a form as will tend, at least, to indicate his own consciousness of the falsity of his defense.

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.