(40 Misc. Rep. 583.)
In re CULLINAN, State Excise Com'r.

(Supreme Court, Special Term, Erie County.   May, 1903.)

1. LIQUOR TAX CERTIFICATE—REVOCATION—PROCEDURE.
    Though Laws 1900, p. 862, c. 367, § 9, amending Liquor Tax Law,
    Laws 1896, p. 69, c. 112, § 28, subd. 2, and requiring the holder of a liquor
    tax certificate, when brought into court, to file a verified answer, is un-
    constitutional, it does not destroy the scheme of revocation provided by
    such section, but authorizes a proceeding to revoke a tax certificate in
    the manner originally provided by such section.

Application by Patrick W. Cullinan, state commissioner of excise, for an order canceling the liquor tax certificate issued to Antonia Babski.   Reference ordered.

William G. Van Loon, for petitioner.
Eugene L. Falk, for respondent.

KENEFICK, J.   This application is based on a verified petition alleging upon information and belief certain violations of the liquor tax law and upon an affidavit containing positive averments of such violations.   Upon the return day of the order to show cause issued thereon, the certificate holder appeared by attorney and interposed the objection that the provision of subdivision 2, § 28, of the liquor tax law (Laws 1896, p. 69, c. 112), requiring him to file a verified answer tendering an issue, and, in default of such answer, directing the revocation of his certificate, is unconstitutional, and therefore void, for the reason that he cannot be compelled to answer under oath in a proceeding to forfeit his property.

In view of the recent decision of the Appellate Division in the Second Department (Matter of Cullinan, 81 N. Y. Supp. 567), this objection must be sustained.   Upon the authority of that case the respondent claims that the unconstitutional provision above referred to renders entirely nugatory and ineffecutal the whole scheme provided by subdivision 2 of section 28 for the revocation of liquor tax certificates, and that this proceeding must fail.   It can hardly be claimed that the decision in the case cited goes so far.   There the respondent appeared, but refused to serve an answer, raising the constitutional objection urged here, and the Special Term made a summary order revoking the certificate.   The Appellate Division decided simply that the provision for a verified answer was unconstitutional, and that the Special Term was not authorized, upon the mere assertion of facts in the form of an affidavit, to revoke the certificate.

Is the sweeping claim made by the respondent's counsel in this case the logical and necessary result of that decision?   The law as originally enacted (Laws 1896, p. 69, c. 112, § 28, subd. 2) contained no requirement that the respondent should file an answer to the petition for revocation.   He was brought into court upon the order to show cause, and thereupon:

"The justice before whom the same is returnable shall hear the proofs of the parties, and may, if deemed necessary or proper, take testimony in relation to the allegations of the petition, or appoint a referee to take proofs

in relation thereto, and report the evidence to such justice or court. If the justice or court is satisfied that material statements in the application of the holder of such certificate were false, or that the holder of such certificate is not entitled to hold such certificate, an order shall be granted revoking and canceling such certificate."

Chapter 367, p. 862, Laws 1900, amended this subdivision so as to require the respondent to file a verified answer to the petition, tendering an issue as to the violations alleged, and, in default of such answer, directing the court to make a summary order revoking the certificate. If such an answer were filed, then the proofs were to be taken before the court or a referee as provided in the original enactment.

The amendment of 1900 is condemned by the decision (In re Cullinan) referred to above; but can it be said that the whole subsection is thereby nullified? The general rule of statutory construction is that:

"When part only of a statute or a section is unconstitutional, that part only is void, unless the other provisions are so dependent and connected with that which is void that it cannot be presumed that the Legislature would have enacted the one without the other." Duryee v. Mayor, 96 N. Y. 492.

The presumption is hardly permissible, in view of the character and history of this legislation, that the lawmaking power would not have retained the method provided in the original statute for revocation of a certificate without the provision condemned as unconstitutional. They are not so interwoven that they must stand or fall together. The amendment of 1900 was essentially the addition of a more summary method of revocation to the procedure then existing. Judicial disapproval of the addition leaves unimpaired the original procedure for revocation.

The conclusion is thus reached that the respondent is not required to file an answer to the petition, and that a reference should be ordered to take proofs in relation to the allegations of the petition and to report the evidence to the court. Ordered accordingly.