In the Matter of the Application of PATRICK W. CULLINAN, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 3,614 Issued to JOE KRAY, Appellant.

*Liquor Tax Law — the requirement that the certificate holder submit a verified answer to the petition is unconstitutional — it is not cured by the court's waiving the verification.*

Subdivision 2 of section 28 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1901, chap. 640), which provides that in a proceeding to revoke a liquor tax certificate the certificate holder must submit a verified answer to the petition for an order revoking the certificate, and that in default thereof an order revoking the certificate may be granted without proof of any of the allegations of the petition, is unconstitutional.

Where an order revoking a liquor tax certificate is granted without proof of the allegations of the petition because the certificate holder refused to file an answer, the fact that the trial justice offered to receive an unverified answer from the certificate holder will not prevent him from urging, upon appeal, the unconstitutionality of the act.

APPEAL by Joe Kray from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of November, 1902,

revoking and canceling a liquor tax certificate theretofore issued to him.

*Uriah W. Tompkins* and *C. J. G. Hall*, for the appellant.

*Herbert H. Kellogg* [ *William E. Schenck* with him on the brief], for the respondent.

HIRSCHBERG, J.:

This proceeding was instituted by the State Commissioner of Excise by verified petition and an affidavit of the facts which was made a part of it, accompanied by an order requiring the appellant to show cause why his liquor tax certificate should not be revoked, pursuant to the provisions of subdivision 2 of section 28 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1901, chap. 640). On the return day designated in the order to show cause, the appellant having objected to the jurisdiction of the court and having also by objection raised the question that the provision of the law requiring him to present and file a verified answer to the petition, or in default thereof that its averments would be adjudged to be true, is unconstitutional (Const. art. 1, § 6), which objections were overruled, and having thereupon refused to present and file an answer, the order appealed from was granted revoking the certificate for violations of the law set forth in the petition and affidavit.

In *Matter of Cullinan, Micha Certificate* (76 App. Div. 362; affd., 173 N. Y. 610) we held that a formal petition made by the State Excise Commissioner setting forth the essential facts upon information and belief, when accompanied as in this instance by an affidavit containing positive averments of the facts within the personal knowledge of the affiant, constituted a sufficient compliance with the requirements of the statute even prior to the amendment of 1901. In that case the appellant was deemed to have waived the constitutional question by the filing of a verified answer. The question is, however, squarely presented on this appeal and must now be determined.

The liquor tax certificate issued under the existing law is essentially different from the former license. The license was a mere personal privilege which the holder took subject to all the condi-

tions of law by which it was rendered revocable. The certificate represents a species of property which is transferable by the owner and which is accordingly protected by the general rules of law in any proceeding having for its object the forfeiture or destruction of the rights which it confers. (*Matter of Lyman,* 160 N. Y. 96; *Niles* v. *Mathusa,* 162 id. 546.) While it is undoubtedly true that the Legislature which gave the certificate has general power to provide in what manner and under what circumstances it may be revoked, and while it is equally true that the holder takes it subject to the provisions of law attached to it in that respect, these facts must be deemed to be qualified by such constitutional limitations as are placed upon the legislative power for the protection and preservation of the rights and immunities of the citizen and of his free and unrestrained enjoyment of his property. No proof was made of the facts charged against the appellant, and his property has been taken from him upon their mere assertion in the form of an affidavit and upon his refusal to deny them under oath. That under such circumstances the Legislature should have required proof to be made of the truth of the allegations of the petition, and could not lawfully provide for judgment by default, would seem to have been held by the Court of Appeals in *Matter of Peck* v. *Cargill* (167 N. Y. 391). In that case, which was also instituted for the revocation of a liquor tax certificate, Judge O'BRIEN said (p. 394): " It is plain that what the statute practically provides for is that in such cases the accused shall be presumed to be guilty unless he denies his guilt under oath. If he omits to deny the statements of the petition on oath, the facts charged are to be taken as confessed and a forfeiture follows. If the party against whom the proceeding is instituted is really guilty of the offense charged, he is thus compelled to confess his guilt either by his oath or by silence, and then the forfeiture of his property rights follows. He has no other alternative, unless he is tempted to tamper with his conscience and deny the truth on oath. *It is not competent for the Legislature* to place a citizen in such a disadvantageous position in order to protect his liberty or his property. In any proceeding by the State to deprive him of the one or the other, the facts which in law justify it must be alleged *and established.* The Legislature has *no power to enact* that they may be *inferred or presumed* from the silence of the party

accused or from his failure to answer under oath. This is especially true when the acts charged are not only the basis of a penalty or a forfeiture, but constitute a crime. * * * *No law can be valid* which *directly or indirectly* compels a party to accuse or incriminate himself or to testify by affidavit or otherwise with respect to his guilt or innocence. In every case *when he elects to remain silent* with respect to any charge involving unlawful acts which are criminal or *subject him to a penalty or forfeiture,* that is a constitutional privilege which the Legislature *may not invade.* * * * The constitutional immunity from every species of incrimination may be as effectually violated by a law which *compels a person to plead* or deny upon oath any charge involving a criminal offense without regard to the form of the investigation as by a law compelling him to testify as a witness. The privilege of silence secured by the Constitution applies to the one case as well as the other. (*Thomas* v. *Harrop,* 7 How. Pr. 57; *Hill* v. *Muller,* 2 Sandf. 684; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *Counselman* v. *Hitchcock,* 142 U. S. 547; *People* v. *Courtney,* 94 N. Y. 490; *People* v. *Sharp,* 107 N. Y. 427; *Gadsden* v. *Woodward,* 103 N. Y. 242.) The principles decided in these cases establish the proposition that it was not within the power of the Legislature to dispense with the necessary allegations and *proof of the facts* constituting the offense by enacting virtually that no proof need be given by the State unless the party charged with the violation of the law denies the charges under oath. The statute virtually authorizes a presumption of guilt from an omission of the accused to testify, and, therefore, it is a law adjudging guilt without evidence and reverses the presumption of innocence. An enactment of this character violates fundamental principles binding alike upon the Legislature and the courts. (*People* v. *Courtney, supra.*)"

It is contended by the learned counsel for the respondent that what has been quoted comprises dictum merely, and that the decision in the *Cargill* case was based wholly upon the insufficiency of the petition. Judge LANDON dissented upon the ground substantially that the holder of the certificate in accepting it accepted the condition imposed by the Legislature as the form of inquiry for violations. Judge MARTIN concurred in Judge O'BRIEN's opinion solely upon the ground that the petition was inadequate. The

remaining members of the court concurred without limitation or qualification, and the views cited, constituting as they do in any event a powerful argument against the constitutionality of the provision under consideration, may well be regarded as an expression of the opinion of a majority of the court.

It is further contended on behalf of the respondent that inasmuch as the order appealed from recites that the learned justice at Special Term offered to receive an unverified answer from the appellant, the question of the unconstitutionality of the act is unavailing to him. Such an offer was not effective to cure the act or to dispense with the necessity of taking proof of the truth of the violations charged in the petition and affidavit. The logic of the reasoning in the *Cargill* case is quite as potent and convincing when addressed to the situation presented by the refusal of the appellant to accept the judicial offer. Indeed, it would seem that the presentation of an unverified answer where the statute requires one under oath, the unverified answer to be accepted by the court as an act of grace, is a virtual confession not only of the truth of the charges but that the accused dare not deny them under oath. There is no justification in law for the placing of a litigant in a position where his guilt must be assumed and a forfeiture of property decreed unless he either perjure himself by his answer if guilty, or in order to avoid that result consent to plead by favor in such a form as will tend at least to indicate his own consciousness of the falsity of his defense.

The order should be reversed.

GOODRICH. P. J. BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements. Order to be settled before Mr. Justice HIRSCHBERG.