(41 Misc. Rep. 392.)

### In re CULLINAN, State Excise Com'r.

(Supreme Court, Special Term, New York County. September, 1903.)

1. LIQUOR TAX CERTIFICATE—REVOCATION—PETITION.
    A petition by a state commissioner of excise to revoke a liquor tax certificate is sufficient where it states the material facts on information and belief, and alleges that the source of his information and grounds of belief are the public records of the office, and the statements of the special deputy commissioner of excise, and the affidavit attached to said petition and made a part thereof.

2. SAME—PROCEDURE.
    Liquor Tax Law (Laws 1897, p. 229, c. 312) § 28, subd. 2, provided that the holders of a liquor tax certificate must, on return of an order to show cause why it should not be revoked, file a verified answer denying every violation thereof, and raising an issue as to material facts in the petition. Laws 1903, p. 1125, c. 486, § 12, amending it, permitted, instead, the filing of an unverified answer, and for a hearing on the evidence. Held to render subdivision 2 of section 28 constitutional.·

In the matter of petition of Patrick W. Cullinan, as state commissioner of excise, for revocation of a liquor tax certificate issued to Lena Neus.   Order of reference.

Herbert H. Kellogg, for petitioner.

Pasrusz & Cohen, for respondent.

BISCHOFF, J.   The petition in this case, supported as it is by the affidavits of Alfred Tanner and Duane B. Stillman, is sufficient to confer jurisdiction upon the court in this proceeding.   It is undoubtedly true that jurisdiction is not conferred unless a petition is presented in which all the material facts are stated, and, if upon information and belief, disclosing the source of the information or the grounds of the belief.   Matter of Peck, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888.   But the petition in this case clearly alleges the source of petitioner's information, and the grounds of his belief as to the material facts stated upon information and belief, to be the public records of the office of the state commissioner of excise, and of the special deputy commissioner of excise for the boroughs of Manhattan and the Bronx, and also the affidavits of Alfred Tanner and Duane B. Stillman, attached to said petition, and made a part thereof as fully as if therein set forth.   See Matter of Cullinan (Micha Certificate) 76 App. Div. 362, 78 N. Y. Supp. 466, affirmed 173 N. Y. 610, 66 N. E. 1106.   The determination of the Appellate Division in that case, upon a similar state of facts, undoubtedly is controlling, Justice Woodward saying:

"But in the matter now before us, while the formal petition of the state commissioner of excise was made on information and belief, as it necessarily must be in a large number of cases where he is called upon to act, the petition is accompanied by the affidavits of two men, and these affidavits are made a part of the petition, in which they detail minutely the facts on which the petition is based; and these affidavits allege, upon the personal knowledge of the men making them, the violations of the liquor tax law, which, if established, justify the revocation of the certificate.   This is, it seems to us, a full compliance with the provisions of the statute."

The only question, therefore, requiring serious consideration, is whether the amendment of the liquor tax law (Laws 1903, p. 1111, c. 486) has rendered subdivision 2 of section 28 valid and constitutional. The provision of the law requiring the holder of a liquor tax certificate, on an order to show cause why the same should not be revoked, to file a verified answer raising an issue as to some material fact in the petition, has conclusively been held invalid.   Matter of Peck, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888.   In the amendment of subdivision 2 of section 28, p. 1125, of the Laws of 1903, the requirement that a verified answer should be interposed has been omitted, and the provision reads that, on the return day of such order, the justice, judge, or court before whom the same is returnable shall grant an order revoking and canceling the liquor tax certificate, unless the holder of said liquor tax certificate "shall present and file an answer to the said petition, which answer denies each and every violation of the liquor tax law alleged in the petition, and raises an issue as to any of the facts material to the granting of such order, in which event the said justice, judge or court shall hear the proofs of the parties, and

may, if deemed necessary or proper, take testimony in relation to the allegations of the petition or answer, or appoint a referee to take proofs in relation thereto," etc.

The vice of the statute as it stood before the amendment was pointed out in the prevailing opinion in the Matter of Peck, supra, wherein Judge O'Brien says:

"Moreover, it is plain that what the statute practically provides for is that in such cases the accused shall be presumed to be guilty unless he denies his guilt under oath. If he omits to deny the statements of the petition on oath, the facts charged are to be taken as confessed, and a forfeiture follows. If the party against whom the proceeding is instituted is really guilty of the offense charged, he is thus compelled to confess his guilt, either by his oath or by silence, and then the forfeiture of his property rights follow. He has no other alternative, unless he is tempted to tamper with his conscience and deny the truth on oath. It is not competent for the Legislature to place a citizen in such a disadvantageous position in order to protect his liberty or his property."

The Legislature has done away with the necessity of a verified answer, and permitted the raising of an issue to be determined by the justice, judge, or court without such requirement; and this seems to meet the vice pointed out in the Matter of Peck, supra. The court there held that it is not competent for the Legislature to require a person to confess his guilt either by his oath or by silence, with a forfeiture of his property rights in either event; that, in any proceeding by the state to deprive him of the one or the other, the facts which in law justify it must be alleged and established; and that the Legislature cannot effectively provide that it may be inferred or presumed from the silence of the party accused, or from his failure to answer under oath, that he is guilty, and thus suffer a forfeiture of his property rights. And to emphasize this the court says:

"This is especially true when the acts charged are not only the basis of a penalty or a forfeiture, but constitute a crime. It is the constitutional right of the party charged with the commission of acts which, if true, constitute a crime or create a penalty or impose a forfeiture, to answer without verification. No law can be valid which directly or indirectly compels a party to accuse or incriminate himself, or to testify by affidavit or otherwise with respect to his guilt or innocence."

Under this authority, therefore, the provision rendering it unnecessary to file a verified answer, and permitting the service of an unverified answer, meets the constitutional objection to the law as it stood; but it does not follow from this that the mere silence of the respondent (that is, failure to interpose an answer to the petition) renders it competent and lawful for the court to work a forfeiture from such silence. Notwithstanding this fact, though respondent remain silent, and which he has a right to do under our Constitution, it becomes incumbent upon the court to take proofs of the facts alleged in the petition in the manner provided by the statute, and determine the case accordingly. From this it follows that the respondent is not required to file an answer to the petition, but may content himself by his silence, whereupon the proof of the allegations of the petition must be presented for further action. See Matter of Cullinan, 40 Misc. Rep. 583, 83 N. Y. Supp. 9; Matter of Cullinan (Kray Certificate) 82 App. Div. 445, 81 N. Y. Supp. 567.

Petitioner may therefore have an order of reference to take proofs herein—a motion for a final order to come on to be heard thereafter on the usual notice.

Ordered accordingly.