(75 App. Div. 127.)

FARMERS' & MERCHANTS' STATE BANK v. STRINGER et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. APPEARANCE—WITHDRAWAL—DEFECTIVE SUMMONS—SETTING ASIDE SERVICE.
   An action against the trustee of a corporation for the penalty provided by Laws 1848, c. 40, for failure to make an annual report, was commenced by a summons in the ordinary form, though Code Civ. Proc. § 1897, requires the summons in actions for a statutory penalty to show such fact, but the plaintiff's attorney told the defendant the nature of the action after the service of the summons. The defendant filed a general notice of retainer, and a demand for a copy of the complaint, which was filed, showing the nature of the action. *Held*, that defendant could withdraw his appearance, and move to set aside the service of summons, as not being in compliance with section 1897, as he could not have appeared specially and attacked the summons till the nature of the action was fixed by the complaint.

   Fursman, J., dissenting.

Appeal from special term, Madison county.

Action by the Farmers' & Merchants' State Bank against Charles A. Stringer and others. From an order denying defendant Stringer's motion to withdraw his appearance and a motion to set aside the service of the summons (76 N. Y. Supp. 303), he appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

¶ 1. See Appearance, vol. 3, Cent. Dig. § 120.

Coman & Tompkins, for appellant.
Joseph Beal, for respondent.

PER CURIAM.  In this action a summons in the ordinary form was served upon the defendant.  A general notice of retainer was served, and demand for copy of the complaint.  The complaint was thereafter served, by which defendant was claimed to be liable under section 12 of chapter 40 of the Laws of 1848.  Thereafter this motion was made.  Upon the hearing of the motion plaintiff's attorney made affidavit that after the service of the summons he had a talk with defendant, in which the defendant was informed of the nature of the action.  The learned justice at special term denied the motion, and in his memorandum handed down with the decision he said:

"This motion, however, is addressed to the discretion of the court, asking for permission to withdraw the defendant's notice of retainer.  I do not see how the defendant is to be benefited or aided by such relief.  The motion must therefore be denied, with $10 costs, but with leave to this defendant to renew the same on papers which may disclose the real object of the motion and of the relief sought."

The motion was not renewed, but this appeal was taken from the order made.  Upon the argument of the appeal the appellant's attorney stated frankly that, if this motion be granted, the statute of limitations has now run against the claim, and the granting of the motion will result in defeating the plaintiff's right of recovery.  It is true that this motion is a technical one, in view of the information the defendant had before service of the notice of retainer.  But, on the other hand, it may be noted that the action is a technical one.  That the action is one purely for a penalty has been held in Gadsden v. Woodward, 103 N. Y. 244, 8 N. E. 653, in which Judge Rapallo said of a similar action:

"This action is brought against the defendant to recover a debt due by a manufacturing corporation of which he was a trustee, and he is sought to be made liable therefor on the ground that he failed to make the annual report required by the general manufacturing law.  The action is not to recover a debt which he owes, but to impose upon him, as a penalty for his default, the payment of the debt of the corporation.  We have repeatedly held that such an action is an action for a penalty or forfeiture.  * * * The liability sought to be enforced against the defendant does not arise out of any contract obligation, but is imposed by the statute as a penalty for disobedience of its requirement.  * * * This action is not founded on any debt owing by the defendant.  The debts owed by the company are the measure of the penalty."

In determining whether a technical rule shall be applied to defeat a technical right, it may be well to have in mind further that this law has now been modified.  The legislature has recognized its harshness, and as the law now stands this defendant would not be liable upon the cause of action stated in the complaint.  See chapter 354, Laws 1901.  We are of opinion that the defendant has not, by his general appearance, waived his right to claim the benefit of this statute.  He was summoned to appear in court by a valid legal process.  To that summons he was bound to respond, or be subjected to liability for judgment upon any cause of action plaintiff might plead, and upon which judgment might be taken upon his default.  Defendant was not au-

thorized to appear specially, and make his motion to set aside the summons, because, until the nature of the action was fixed by the complaint, the action was not one for a penalty, and plaintiff might at any time have served a complaint setting up any cause of action other than the one of which he orally notified defendant. We approve of the remarks of Chief Judge Sedgwick in the case of Delisser v. Railroad Co. (Super. N. Y.) 14 N. Y. Supp. 382. In that case Judge Sedgwick says:

"The only legal evidence of the contents and claims of a complaint is the complaint itself, and it is the only evidence of what is the object of the action. No amount of evidence as to the intent of an attorney or party can show the object of an action, for that intent cannot be made the object, or, if it be properly made, change it."

Compelled, then, to appear, and demand copy of the complaint in order to determine conclusively what was the object of the action, it would seem to us a legal anomaly to hold that by that appearance he has waived the benefit of a statute to which he is otherwise entitled. It may be that the object of the statute was to give notice to the defendant of the nature of the action. If it be held that, with such knowledge, the defendant has not been prejudiced by failure to comply with the statute, a motion to set aside the summons could never be made, because such motion must be based upon such knowledge. It may be that the object of the statute is to prevent a judgment by default upon such a cause of action without notice in the summons of the nature of the action. If so, however, the legislature has chosen its own method of accomplishing that object. By section 1774 of the Code, a similar purpose is indicated in an action for divorce, but it is there provided, not that the summons must contain the notice of the action, but that judgment by default should not be entered upon such a cause of action unless the summons does contain that notice. In an action for a penalty, however, by section 1897, the form of the summons is specified which should give jurisdiction to the court of that action. When the complaint is served which gives character to the action, then, and not till then, is the summons legally characterized as insufficient to give jurisdiction. This event happening after a notice of retainer should not be held to be waived by the defendant's prior general appearance in the action. This holding is in accord with the decision of the special term in Lassen v. Aronson (Super. N. Y.) 21 N. Y. Supp. 452. In Bissell v. Railroad Co., 67 Barb. 385, the motion was to set aside a judgment which had been entered after service of a summons in a penalty action which was not indorsed, the motion being made after there had been a general appearance by the defendant. A motion had theretofore been made to set aside the summons, which had been denied at special term, but granted by the general term reversing the special term order. Before the decision of the general term reversing the order, however, judgment had been entered, and the case then came up upon an application to set aside that judgment. This application was denied purely on the ground of the "great delay and laches of the defendant" in moving therefor. In the case of Townsend v. Hopkins, 9 Civ. Proc. R. 257, the question of discretion was not considered, and the case was practically decided

upon other grounds, and this decision was overruled in People v. O'Neil, 54 Hun, 611, 8 N. Y. Supp. 123. To the general proposition that a notice of appearance cures all defects in form or service of the summons, we agree. Where, however, as here, the summons served was sufficient in form, and became insufficient only by service of the complaint by which the action became one for a penalty, we are unable to find any act by which the defendant can be claimed to have waived the requirement of the statute. Without such waiver, and without a summons valid to give jurisdiction of this action, we think the defendant is entitled to the relief asked for, and that this order should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur, except FURSMAN, J., dissenting.