(40 Misc. Rep. 423.) •

### In re CULLINAN, State Excise Com'r.

(Supreme Court, Special Term, New York County. April, 1903.)

1. LIQUOR TAX CERTIFICATE—CANCELLATION—CONSTITUTIONAL LAW.

　　The liquor tax law (Laws 1896, p. 69, c. 112, § 28, subd. 2, as amended by Laws 1901, p. 1539, c. 640, § 5), authorizing the court on the return day of an order to show cause to cancel the liquor tax certificate, unless the holder, if duly served, files a verified answer denying all the allegations, is unconstitutional.

2. SAME—JURISDICTION.

　　Where a petition for revocation of a liquor tax certificate, made on information and belief, has annexed to it affidavits stating the violations of the statute on personal knowledge, it confers jurisdiction on the court to take cognizance of the proceedings.

3. SAME—PROCEDURE.

　　Where the holder of a liquor tax certificate attacks the constitutionality of the liquor tax law, providing for the cancellation of the certificate, and refuses to file a verified answer as required by the law, the court cannot take testimony, or appoint a referee, or take any other action in the matter; such provision of the law being unconstitutional.

In the matter of the petition of Patrick W. Cullinan, state commissioner of excise, for an order revoking the liquor tax certificate issued to Edward P. Lehr. Motion denied.

The petitioner alleges, upon information and belief, that on Sunday, the 23d day of November, 1902, the holder of said liquor tax certificate, Edward P. Lehr, personally and by his agents, servants, bartenders, etc., at the place designated in said certificate, viz., premises No. 955 Amsterdam avenue, New York City, did wrongfully and unlawfully have open and unlocked a door and entrance from the street, alley, yard, hallway, and adjoining premises to the room where liquors were sold and kept for sale, when it was not necessary for the ingress or egress of himself, etc., and did admit and allow to remain in such room persons not members of his family, etc., to wit, Andrew Frank, George Seim, Charles A. Donnelly, Benjamin G. Halsey, etc.; that two glasses of whisky were sold—one to Andrew Frank and one to George Seim—which were paid for and drunk on the premises; that two glasses of whisky were sold to Charles A. Donnelly and Benjamin G. Halsey on the same day; that liquor was sold to unknown on same day. The certificate holder refused to answer on the ground of constitutional privilege.

William G. Van Loon, for petitioner.
Ford & Tuttle, for certificate holder.

McCALL, J. This is an application to revoke and cancel a liquor tax certificate, and the proceeding is instituted under the provisions of section 28 of chapter 112, p. 69, of the Laws of 1896, known as the "Liquor Tax Law," as same has been amended by chapter 312, p. 207, Laws 1897, as amended by chapter 367, p. 849, Laws 1900, as amended by chapter 640, p. 1532, Laws 1901. Before the enactment of these several amendments, in order to institute this proceeding, "any citizen of the state" could "present a verified petition to a justice of the Supreme Court or a Special Term of the Supreme Court of the judicial district in which such traffic in liquors is authorized to be carried on or in which the holder of such certificate resides," etc. The petition contains certain allegations specifically enumerated in the act; and then follows this significant clause, "Such petition shall state the facts upon which such allegations are based." The subsequent procedure under the original act was for the justice or court to whom the petition had been presented to grant an order directing the holder of the certificate and the officer who granted the same to appear before him or a Special Term of the court at a time designated in the order and on the return day, "to hear the proofs of the parties," and, if the court deemed it necessary, to "order a reference to take testimony in relation to the allegations of the petitions." The act further provided: "If the justice or court is satisfied * * * an order shall be granted revoking and canceling such certificate." Under the amendments made by chapter 312, p. 207, Laws 1897, section 28 of the original act was divided, and subdivision 2 was created, and the material changes in the provisions, in so far as they affect the case at bar, were that additional reasons were prescribed upon which the proceeding could be instituted, and the petitioner might allege that the certificate holder "was not entitled to receive or is not entitled on account of the violation of any provisions of this law, conviction for which would cause a forfeiture of this certificate, or for any other reason to hold such certificate"; and further providing that the "order of the court should contain an injunction restraining the certificate holder from transferring or surrendering such certificate," etc. The amendments made by chapter 640, p. 1532, Laws 1901, provided that the petition in these proceedings should be made by the state commissioner of excise or his deputy, and by no one else, unless the consent of said commissioner was indorsed upon the petition. And the procedure on the return day of the order was materially changed, and in the place and stead of that originally designated was substituted the following:

"On the day specified in such order, the justice, judge or court before whom the same is returnable shall grant such order revoking and cancelling the said liquor tax certificate unless the holder of said liquor tax certificate shall present and file a verified answer to said petition, which answer denies each and every violation of the liquor tax law alleged in the petition and raises an issue as to any of the facts material to the granting of such an order, in which event the said justice, judge or court shall hear the proofs of the parties, and may, if deemed necessary, or proper, take testimony in

relation to the allegation of the petition or answer or appoint a referee to take proof."

All through these several stages of amendment the law remained that "such petition shall state the facts upon which the application is based." Heretofore in these proceedings it was the custom to simply present a verified petition in which the allegations were made upon information and belief, and thereupon an order would issue directed to the parties involved to show cause, etc., upon a return day fixed in the order observing the time limitation of the statute, and it has been assumed that such a petition was all that was necessary to allow the court to acquire jurisdiction. In June, 1901, the case of Matter of Peck, 167 N. Y. 392, 60 N. E. 775, 53 L. R. A. 888, was decided by the Court of Appeals, Judge O'Brien writing, whereby it was determined that the court could not acquire jurisdiction by such a petition, that it did not meet the requirements of the statute, and the opinion animadverts very severely upon the procedure adopted in that case, and the result was that the order made at Special Term revoking the license was reversed, and the proceedings dismissed. But the decision, it seems to me, went far beyond the question of jurisdictional defect presented by the record. It took up, discussed, and disposed of subdivision 2 of section 28 of this act, now amended by section 5, c. 640, p. 1539, Laws 1901, and clearly and unquestionably declared it to be unconstitutional. The opinion in Matter of Cullinan (Micha Certificate), 76 App. Div. 362, 78 N. Y. Supp. 466, urged so strongly by the petitioner in the case at bar, does not seem to me to be hostile to this view, but rather, in my judgment, upholds it. In the Micha Case the certificate holder put in a verified answer, as the statute provided, and sought on the appeal to invoke for his protection a constitutional provision he had waived on the hearing. And the Appellate Court rightfully held that he was not in a position, under the circumstances, to test the constitutionality of the act. In the case at bar the holder of the certificate attacked the constitutionality of the act on the hearing, and refused to put in a verified answer, and under such circumstances the court in the Micha Case, "agreeing that there is an element of unconstitutionality in the statute," would have been compelled to have sustained him. But there is one important phase in this type of proceeding which the doctrine in the Micha Case (it having been affirmed in the Court of Appeals) controls, to wit, the sufficiency of petition in order to have the court acquire jurisdiction. The Court of Appeals in Matter of Peck, supra, having disclosed and pointed out the defects in former proceedings, the commissioner of excise in the Micha Case sought to remedy them, and he supported his petition in that case, as he does also in the case at bar, by supplying two affidavits, which state the facts complained of positively upon oath, and these affidavits are made part of the petition, and, as Justice Woodward said in the Micha Case, "This is, it seems to us, a full compliance with the provisions of the statute," which throughout has always provided "that such petition shall state the facts upon which such application is based." Therefore the court has unquestionably attained jurisdiction over the case at bar, and it must be disposed of under the provisions of this act as it stands amended.

On the return day the petitioner, the state commissioner of excise, presented his verified petition, in which the allegations called for by the statute were duly made, but all asserted upon information and belief. In support, and as a part thereof, the petitioner submitted the affidavits of Andrew Frank and Charles A. Donnelly, both special agents of the commissioner, in which the affiants state minutely the facts upon which the petition is based, and swear from personal knowledge that the liquor tax law was violated, specifically stating the said violations. The holder of the certificate appeared through counsel, attacked the constitutionality of the section of the act under which the proceeding had been taken, and refused to file a verified answer as called for by the statute. No proof or testimony was adduced, no witnesses offered by either side, and the only record before the court is the petition of the state commissioner of excise, of which these affidavits referred to are a part. I am of the opinion that the refusal of the certificate holder Lehr to file a verified answer was wholly justifiable, and that he was clearly within his constitutional rights. The Legislature has not the power to enact such legislation as is found in this subdivision 2, § 28, of this act, as amended, for the reasons so clearly and forcibly advanced in the opinion of Judge O'Brien in Matter of Peck, supra; and when the certificate holder refused to file such answer, in my judgment the court (if the legislation were sound) had no alternative but to act upon the default, and revoke and cancel the license. It could not, under the terms of this act, as amended by section 640, p. 1532, Laws 1901, take proof or testimony or appoint a referee. It is not now (as the act originally provided) within the power of the court, on the return day without qualification of any kind, "to take proof," etc., but under this amendment "the justice or the court must revoke and cancel on default, or must wait till the issues are joined by the filing of the verified answer, * * * in which event" the court or judge may take proof, etc. In this case there had been a default by a refusal to file a verified answer. The certificate holder claiming his constitutional privilege, I cannot proceed to take proof or direct a reference, and I shall not revoke or cancel, for the reason that the section of the statute calling for this procedure is unconstitutional.

Motion denied. Ten dollars costs.