(34 Misc. Rep. 389.)

### In re HUNTER.

(Supreme Court, Special Term, Oswego County.  March, 1901.)

1. INJUNCTION—ILLEGAL SALE OF LIQUORS.
   Where the evidence shows that defendant had sold "beer," without stat-
   ing the kind of beer, he will not be enjoined under an allegation that he
   was trafficking in liquors without a certificate, as there is no presumption
   that the word "beer" means fermented or malt liquors, or that it is intox-
   icating.

2. SAME—EVIDENCE.
    Evidence on the hearing of a petition to enjoin defendant from trafficking in liquors contrary to law that he had made a few sales of intoxicating liquors a few months prior to the filing of the petition raises no presumption that he has continued such sales, such acts being made penal by statute.

Petition of John Hunter for an order enjoining James M. Caffrey from selling liquor contrary to provisions of the liquor tax law. Motion to confirm report of referee denied.

G. S. Piper, for petitioner.
F. G. Spencer, for defendant.

WRIGHT, J. The statute provides that, at the time of the presentation of the petition, "if the court is satisfied that such person is unlawfully trafficking in liquor, an order shall be granted enjoining such person from thereafter trafficking," etc. Liquor Tax Law, § 29. The term "liquor" is defined as meaning distilled or rectified spirits, wine, fermented or malt liquors. Id. § 2. The evidence shows that the defendant sold "beer," but the kind of beer is not stated. The word "beer" may mean malt or fermented liquor, or it may mean the unfermented and unintoxicating extract of various roots or plants. There is no presumption that the word "beer" means fermented or malt liquors, or that it is intoxicating. The burden of proof in that regard is on the petitioner. Blatz v. Rohrbach, 116 N. Y. 450, 22 N. E. 1049, 6 L. R. A. 669. In this case, therefore, the proof does not establish that any beer was sold in violation of the statute.

The evidence shows that a few sales of intoxicating liquors were made in June, 1900, but the petition was not presented until September. That the defendant violated the statute three months prior to the time of the presentation of the petition fails to establish a violation at the time of that presentation. It is too remote. The proof of violation should be reasonably near the date when relief is asked. Counsel for the petitioner invokes the principle that a state of things shown to exist is presumed to continue to exist. That principle applies to civil cases. But in cases involving criminal or penal acts, as in this case, that presumption is counterbalanced by the stronger presumption in favor of innocence. Blatz v. Rohrbach, supra. The violation mentioned may be the basis of a criminal prosecution and punishment, but the remoteness of the evidence fails to establish the necessity of injunctive action by the court. The motion must be denied, with a trial fee and costs of this motion and disbursements to be taxed in favor of the defendant.

Motion denied, with costs.