(68 App. Div. 552.)

PEOPLE v. WINDHOLZ et al.

(Supreme Court, Appellate Division, Fourth Department.  January 21, 1902.)

1. ADULTERATED FOOD—INJUNCTION—ACTION IN SUPREME COURT—JUDGE OF COUNTY COURT—JURISDICTION.

Under Laws 1893, c. 338, § 10, providing that, in an action in the supreme court for the violation of any of the provisions of such chapter, an application may be made to "the court or any justice thereof" for an injunction to restrain the defendant from the further violation of such provision, where such an action is brought in the supreme court for the violation of sections 50–53 of the agricultural law, as amended by Laws 1901, c. 308, by the illegal sale of adulterated vinegar, a judge of the county court has not jurisdiction to grant such injunction.

2. SAME.

The jurisdiction to grant injunctions in an action in the supreme court, "except where it is otherwise specially prescribed by law," and perform the duties of a justice of the supreme court, given to a county judge by Code Civ. Proc. §§ 241, 606, 772, does not extend to the granting of an injunction under Laws 1893, c. 338, § 10, which gives such power only to the supreme court or a justice thereof.

3. SAME—INSUFFICIENT AFFIDAVITS.

Where, in an application for an injunction, under Laws 1893, c. 338, § 10, to restrain the sale of adulterated vinegar, the affidavits do not disclose the statutory elements of the offense, the injunction should be vacated.

Appeal from special term, Oneida county.

Action by the people of the state of New York against Louis Windholz and others.  From an order denying a motion to vacate an injunction, defendant Windholz appeals.  Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Frank Hopkins, for appellant.

Risley & Love, for the People.

WILLIAMS, J.  The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.  The action was brought against Windholz, residing and doing business in Syracuse, and Crouse & Sons, residing and doing business in Utica, to recover penalties for alleged violations of sections 50–53 of the agricultural law, so called (chapter 338 of the Laws of 1893, as amended by chapter 308 of the Laws of 1901), relating to the illegal sale of adulterated vinegar.  It was claimed that the vinegar was sold by Windholz to Crouse & Sons in large quantities, and by Crouse & Sons sold to their various customers about the country.  The action was brought in supreme court, and the injunction was granted by the county judge of Oneida county, and served at the time of the commencement of the action.  Windholz alone made the motion to vacate the injunction upon the papers upon which it was granted, and he alone brings this appeal.

The first question raised by the appellant is that the county judge had no power to grant the injunction; that it could only be granted by the supreme court, or a justice of that court.  The action to recover penalties under the agricultural law can be brought either in

74 N.Y.S.—16

the supreme court or the county court, but the only provision contained in the law itself for the granting of an injunction is that in section 10, which reads as follows:

"In an action in the supreme court for the recovery of a penalty or forfeiture, incurred for the violation of any of the provisions of this chapter, an application may be made on the part of the people to the court or any justice thereof, for an injunction to restrain the defendant, his agents or employees, from the further violation of such provision. The court or justice to whom such application may be made shall grant such injunction, on proof by affidavit that the defendant has been guilty of the violations alleged in the complaint, or a violation of any such provisions subsequent to the commencement of the action, and in the same manner as injunctions are usually granted, under the rules and practice of the court."

It would seem that no injunction of the kind in question could be granted, except by virtue of the provision quoted. The court would have no power to grant such an injunction under any general provision of the statute or general rules of law. The legislature has seen fit to limit the granting of such an injunction to an action brought in the supreme court. It could not be granted in an action commenced in the county court. In giving the right to the injunction the legislature has also limited the power to grant it to the court itself, or a justice of that court; meaning, of course, the court in which the action is brought,—the supreme court. A county judge is not a justice of the supreme court, but it is claimed by respondent that he possesses the powers of a justice of the supreme court as to the granting of an injunction under the law, by reason of certain provisions of the Code of Civil Procedure. Section 241 provides:

"A county judge within his county possesses, and upon proper application must exercise, the power conferred by law, in general language, upon an officer authorized to perform the duties of a justice of the supreme court at chambers or out of court."

Section 772 provides:

"Where an order, in an action, may be made by a judge of the court, out of court, and without notice, and the particular judge is not specially designated by law, it may be made by any judge of the court in any part of the state; or except to stay proceedings after verdict, report or decision, by a justice of the supreme court, or by the county judge of the county where the action is triable, or in which the attorney for the applicant resides."

Section 606 provides:

"Except where it is otherwise specially prescribed by law, an injunction may be granted by the court in which the action is brought, or by a judge thereof, or by a county judge; and where it is granted by a judge it may be enforced as the order of the court."

The last provision relates solely to injunctions, and must control as to the courts or officers who are empowered to grant the same. The legislature has seen fit to make this special provision as to granting orders of this kind, and has therefore taken them out of the two former sections quoted,—sections 241 and 772. This proposition was held in the well-considered case of People v. Edson, 52 Super. Ct. Rep. 53. Under section 606, Code Civ. Proc., the county judge has power to grant any injunction in an action in the supreme court, "except where it is otherwise specially prescribed by

law." It seems to us that this exception is present in this case. As before stated, the legislature has been particular, in section 10 of the agricultural law, to limit the granting of injunctions to actions brought in supreme court, and has then provided that they shall be granted by the court or a justice thereof. There seems to have been a design to limit the power to grant injunctions here within a narrower compass than other injunctions are granted, and we think such intention was to limit the power to the court itself, or an actual justice thereof, as distinguished from an officer who might, under other provisions of law, perform the duties of a justice of the supreme court. We conclude, therefore, that the county judge of Oneida county had no power to grant the injunction sought to be vacated.

It seems to us, furthermore, that there was not sufficient legal evidence in the affidavits upon which the injunction was granted that the appellant had been guilty of the violations alleged in the complaint. It was not shown that the vinegar came from appellant at all. All the evidence upon that subject was merely hearsay. The people could readily have obtained competent evidence, but neglected to do so. Nor was the evidence sufficient, under the statute, to show that the vinegar was adulterated. The tests were not shown to have been properly made. People v. Braested, 30 App. Div. 401, 51 N. Y. Supp. 824. Very likely they were properly made, and it could have been made·to appear, but the affidavits were defective in that respect. These injunctions should not be granted, except upon affidavits sufficient under the statute to show violations thereof. There is no reason for any looseness or carelessness in the preparation of the affidavits, and the defendant's business should not be interfered with by such an injunction unless the statutory requirements are found in the affidavits. We are unwilling to establish any precedent of sustaining injunctions issued upon inadequate proof. No harm can come by vacating this injunction. A new one can be secured upon sufficient affidavits from the court or judge thereof if desired.

Our conclusion is, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur; ADAMS, P. J., and SPRING, J., upon the first ground only.