PEOPLE ex rel. LYON CO. *v.* McDONOUGH. 257

App. Div.]     THIRD DEPARTMENT, NOVEMBER TERM, 1902.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. B. LYON COMPANY, Relator, *v.* JOHN T. McDONOUGH, as Secretary of State, and Others, Constituting the Printing Board, Respondents.

THE ARGUS COMPANY, Respondent.

*Form of guaranty to be furnished with a proposal to do the legislative printing.*

In enacting section 5 of the State Printing Law (Laws of 1901, chap. 507) it was the intention of the Legislature that the State Printing Board should furnish to the bidders for the legislative printing blank forms of the guaranty required by the terms of that section.

The following blank form of guaranty, furnished by the printing board to the bidders for the legislative printing, "—— hereby guarantee that if the fore-

going bid for the public or legislative printing is accepted that ——— will enter into a contract in compliance with said proposals and give the necessary security," sufficiently complies with the statutory requirement.

CERTIORARI issued out of the Supreme Court and attested on the 12th day of July, 1902, directed to John T. McDonough, as Secretary of State, and others, constituting the printing board, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in the matter of awarding to the Argus Company the legislative printing for the year commencing October 1, 1902, and relating to the contract entered into therefor with said Argus Company.

The said printing board, pursuant to chapter 507 of the Laws of 1901, gave due notice that, until the 5th day of June, 1902, at eleven o'clock, A. M., they would receive sealed proposals for the whole of the legislative printing for one year from October 1, 1902. Said notice contained, among other things, a provision as follows: "Proposals must be made upon blank forms, which forms will be furnished upon application to either of the undersigned."

The Argus Company, pursuant to said notice, procured from the printing board blank forms which included a blank form for a guaranty as follows: "——— hereby guarantee that if the foregoing bid for the public or legislative printing is accepted that ——— will enter into a contract in compliance with said proposals and give the necessary security."

Six bids were received by said printing board. All of these bids were upon blanks furnished by the printing board. The blank form for the guaranty so furnished by the printing board was used by each bidder. The blank spaces therein were properly filled, and in each case the guaranty was signed by a person who was duly certified to be a freeholder and able to make good his guaranty. Added to the guaranty signed on behalf of the relator were the words " and make due and proper performance of the contract."

No question is raised in this court in regard to the notice or bids, except that it is claimed by the relator that the form of guaranty used by the bidders other than itself does not comply with the statutory requirement.

The printing board determined that the bid of the Argus Company was $32,959.56 less than either of the other bids, and the con-

tract was awarded to the Argus Company as the lowest bidder. The Argus Company has been made a party defendant in this proceeding.

*Franklin M. Danaher,* for the relator.

*Amasa J. Parker, Jr.,* for the Argus Company, respondent.

CHASE, J.:

The State Printing Law (Laws of 1901, chap. 507) provides (§ 2) that the public printing shall be divided into three parts. The first known as the legislative printing, the second as the department printing and the third as the printing of the session laws. Specific and separate provision is made for letting contracts for the different parts of the public printing. The section relating to the legislative printing (§ 5) directs when and how the printing board should give notice that they will receive sealed proposals for the whole of the legislative printing, and the statute then provides: " Upon receiving such proposals the printing board shall enter into a contract with the person, corporation or firm who shall make the lowest bid and it may discriminate in favor of such bid as it may deem most favorable to the State."

It also provides: " The successful bidder, upon entering into or prior to the execution of the contract and in consideration thereof, shall give security to the People of the State of New York to the satisfaction of the printing board for the faithful performance of the said contract.   *   *   *"

It also provides: " The printing board shall furnish all persons desiring to propose or bid for the legislative printing blanks which shall properly set forth the various items upon which bids will be received as provided and described in the notice of publication."

It also provides: " To every bid there shall be annexed a satisfactory guaranty for the proper performance of the contract, by a guarantor certified by the county judge of the county or a supreme court judge of the district where the guarantor resides, that said guarantor is a freeholder and able to make good his guaranty, together with a certified check, cash, or New York draft to the amount of twenty thousand dollars."

The section relating to the department printing (§ 10) directs when

and how the printing board shall give notice that they will receive sealed proposals for the whole of the department printing. It also directs in the same language used in the section relating to the legislative printing that a satisfactory guaranty shall be annexed to every bid. It also directs in substantially the same language used in the section relating to the legislative printing that the printing board shall enter into a contract with the person, corporation or firm who shall make the lowest bid.

It then provides : " The printing board shall furnish all persons desiring to propose or bid for the department printing blanks for proposals or bids for such printing in the form following : " The section then sets forth at length the form of proposal, including a form for the guaranty as follows : "I hereby guarantee that the above person will, if his bid be accepted, enter into a contract according to the terms thereof, and give the security required by law within ten days from the time he shall receive notice of the acceptance of his bid."

The section relating to the printing of the session laws (§ 11) directs when and how the printing board shall give notice that they will receive sealed proposals for printing the session laws.

It also provides, in the same language used in the sections relating to the legislative and department printing, that a satisfactory guaranty shall be annexed to every bid.

The only question presented for our consideration is whether the bid of the Argus Company for the legislative printing was in compliance with the statute so far as the guaranty annexed thereto is concerned.

The intention of the Legislature, so far as it can be ascertained from the act itself, is controlling in the interpretation of a statute.

The same word or phrase in different parts of the same statute relating to the same subject and looking to the same general purpose should have the same interpretation, unless a different intention appears. (Black Interp. Laws, 189 ; Bish. Writ. Laws, § 95a ; Suth. Stat. Const. § 255.)

The provision relating to the guaranty to be annexed to every bid is exactly the same for the different parts of the public printing. The purpose of these provisions is the same. It is to prevent irresponsible persons from making bids that are not made in good

faith for the purpose of entering into the contract and actually doing the work, but for the purpose of trafficking in the bids to their own enrichment.

The Legislature undoubtedly intended that bids for every part of the public printing should be made by persons who could be compelled to enter into a contract for the work to be done, pursuant to the bid, and to give security satisfactory to the printing board for the faithful performance of the contract. The work to be done under the contracts for the different parts of the public printing is not the same, but the purpose and object of the guaranty to be annexed to the several bids are the same in each instance, and that part of the statute in each case relates to the same subject.

The intention of the Legislature in using the words " blanks for proposals or bids for such printing" in section 10 (Laws of 1901, chap. 507) is clearly shown to have been to include therein the blank form for the guaranty to be annexed to the bid. This is shown by including the form for the guaranty in the blanks specifically set forth in that section.

The intention in the use of the words, " The printing board shall furnish all persons desiring to propose or bid for the legislative printing, blanks   *   *   *,"   in section 5 (Laws of 1901, chap. 507), was to include a blank form for the guaranty to be annexed to such bid.

The form for the guaranty to be attached to the bid for the department printing defines the meaning of the Legislature in the use of the words " a satisfactory guaranty for the proper performance of the contract" to be a guaranty that the person bidding for the work will " enter into a contract according to the terms " of his bid, " and give the security required by law." The security required by law is " security to the People of the State of New York for the faithful performance of the contract in an amount and in the form to be approved by said printing board."

The printing board, in giving notice for sealed proposals for the legislative printing, expressly provided that proposals should be made on blank forms furnished by them. Such forms were furnished by them, including a form for the guaranty.

In our judgment they had a right to interpret the language of section 5 (Laws of 1901, chap. 507) relating to the guaranty to

mean the same as the identical language used in relation to the same subject-matter in section 10 (Laws of 1901, chap. 507).

The Argus Company, being the lowest bidder, was entitled to the contract.

All concurred.

Determination of the printing board herein reviewed is hereby confirmed, with fifty dollars costs and disbursements to the Argus Company.