(39 Misc. Rep. 354.)

### In re CULLINAN, State Excise Com'r (two cases).

(Supreme Court, Special Term, Kings County. December, 1902.)

1. LIQUOR CERTIFICATE—REVOCATION—PETITION.

On service of a petition to cancel a liquor tax certificate and an order to show cause, the court gets jurisdiction of the parties and the subject-matter of a proceeding under Laws 1896, c, 112, § 28, subd. 2, to revoke such certificate, though the petition be on information and belief, and is not supported by his affidavits as to the alleged violations.

2. SAME—EVIDENCE.

On trial of a petition to show cause why a liquor tax certificate should not be canceled, the court will not limit the evidence of the charges contained in the petition to those supported by affidavit, where the holder of the certificate denies some of the charges and fails to deny others, as he may succeed on the charges which he denies and yet forfeit his certificate on proof of the charges which stand undenied.

In the matter of the petition of Patrick W. Cullinan, as state commissioner of excise, for an order canceling tax certificate issued to Thomas F. Gallagher, and petition by the same for an order canceling tax certificate issued to Axel J. Young. Motion by respondents

to limit the issues to be tried to those violations of the liquor tax law, alleged in the petitions, which are supported by affidavit. Reference ordered.

E. B. Barnum, for the motion.

William Vanamee and Herbert H. Kellogg, opposed.

MAREAN, J. The court gets jurisdiction of parties and subject-matter upon service of the petition and order to show cause, although the petition may be made on information and belief. If it is so made, and is unsupported by any affidavit affording legal proof of the violations charged, the court cannot proceed to revoke the certificate without first taking proof, either orally or by affidavit, or upon a reference. The petition is like a complaint in an action for specific relief,—judgment is not to be entered upon it by default without proof of the facts; or, rather, it is analogous to an information before a magistrate in a criminal case, which is no warrant for depriving the accused of his liberty or property, until supported by proof. Though all the allegations of the petition are upon information and belief, and the defendant makes no answer whatever, I think it is the duty of the court to order a reference to take proof of the violation alleged, upon the coming in of which the certificate may be revoked. And if the defendant answers, denying one violation but not denying another, it should be referred to take proof upon the issue made, and of the allegations unanswered; and, though the issue may be determined in favor of the defendant, the certificate may be revoked and canceled for the violations which stand undenied, if the proof warrants it. A reference will be made to cover all violations charged in the petition.

Ordered accordingly.