PRICE et al. v. LEVY et al.

(Supreme Court, Appellate Division, First Department. April 15, 1904.)

1. ORDER OF ARREST—AFFIDAVIT—PERSONAL KNOWLEDGE.

An affidavit for arrest of defendants in an action for obtaining goods on a false statement as to their financial condition is insufficient; it not showing that affiant had any personal knowledge that defendants made or signed the statement or ever saw the original, but it appearing that his knowledge was derived solely from a statement obtained by affiant from a commercial agency, and the fair inference being that the statement was not the original furnished by defendants.

2. SAME—INFERENCE.

A mere inference from an affidavit will not justify an order of arrest. The order must be based on facts set out in the affidavit, from which, if uncontradicted, the court can see that the party proceeded against is guilty of the charge made against him.

Appeal from Special Term, New York County.

Action by Edward A. Price and another against David Levy and another. From an order denying a motion to vacate an order of arrest, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Stillman F. Kneeland, for appellants.
Emanuel J. Myers, for respondents.

McLAUGHLIN, J. This action was brought to recover damages upon a sale of goods, wares, and merchandise, which sale was alleged to have been induced by false and fraudulent statements of the defendants as to their financial responsibility. Upon the verified complaint and affidavits, an order of arrest was granted, which the defendants, upon the same papers, moved to have vacated. Their motion was denied, and they have appealed.

The papers upon which the order was granted, so far as such alleged false and fraudulent statement is concerned, were to the effect that the defendants, for the purpose of inducing the plaintiffs and other merchants throughout the city of New York to sell and deliver to them

¶ 2. See Arrest, vol. 4, Cent. Dig. §§ 50, 55.

goods, wares, and merchandise upon credit, made a false statement to the commercial agency of R. G. Dun & Co. The statement thus referred to purports to be set out in the affidavit of one of the plaintiffs, and, after giving the firm name and business of the defendants, together with their individual names and residences, is as follows:

"April 10th, 1903, at this address David Levy gave our reporter above personal details and dictated the following statement: Financial condition on December 30, 1902, as per inventory:

|  | Assets. |  |
| --- | --- | --- |
| Mdse. | | $ 7,024 84 |
| Notes and accounts rec. | | 17,680 71 |
| Cash on hand and in bank | | 1,728 16 |
| Fixtures | | 116 50 |
| | | $26,550 21 |
| | Liabilities. | |
| Open account for merchandise | | $ 7,140 43 |
| | | $19,409 78 |

"Insurance, $7,500.　　　　　　　[Signed]　D. Levy & Co.
"April 15th, 1903."

The affidavit then continues as follows:

"That deponent's firm of Fred Butterfield & Co. are subscribers to said mercantile agency, and obtained said statement from said agency prior to the sale and delivery to the defendants of the goods hereinafter mentioned."

Manifestly, this proof was insufficient to establish that the defendants made and signed the statement upon which the plaintiffs allege they relied. No facts are stated from which the court can see, or even infer, that the maker of the affidavit had any personal knowledge on the subject. On the contrary, the only fair inference to be drawn from the facts stated in the affidavit is that the affiant's knowledge is confined to information derived from R. G. Dun & Co., and in this connection it is to be observed that there is no affidavit by any member of the firm of R. G. Dun & Co., or by its reporter to whom the statement is alleged to have been made, nor even is the name of this reporter given. This brings the case, therefore, directly within the principle laid down in Hoorrmann v. The Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, where this court held that the averments of facts as upon personal knowledge in an affidavit made to procure an attachment is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he alleges. This case was followed in Einstein v. The Climax Cycle Co., 13 App. Div. 624, 42 N. Y. Supp. 1124, and followed, or the same principle reasserted, in Tucker v. Goodsell, 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; Shuler v. Birdsall Manufacturing Co., 17 App. Div. 228, 45 N. Y. Supp. 725; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; Martin v. Aluminum Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010; James v. Signell, 60 App. Div. 75, 69 N. Y. Supp. 680.

Here, as already indicated, there is nothing to show that the affiant had any personal knowledge that the defendants made or signed the

statement attributed to them, or that he ever saw the original statement. On the contrary, it appears that his knowledge is derived solely from the statement furnished by R. G. Dun & Co., and the only fair inference to be indulged in from all the facts stated is that this statement was not the original, but a copy. The original was made on the 10th of April, 1903, as appears from the following recital in the one furnished: "April 10th, 1903, at this address David Levy gave our reporter the above personal details and dictated the following statement." The one furnished was not dated April 10, but April 15, 1903.

The learned justice at Special Term was of the opinion that, from the facts stated in the affidavit of one of the plaintiffs, it could fairly be inferred that the statement referred to was in writing, and was seen by the affiant, and that he knew the signature of the defendants to be correct. No such inference can fairly be drawn from the papers, and, if it could, it would be insufficient. A mere inference will not justify the granting of an order of arrest. Such order must be based upon facts set out in the affidavit, and from which, if uncontradicted, the court can see that the party proceeded against is guilty of the charge made against him.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and defendants' motion to vacate granted, with $10 costs. All concur.