### WHEATON v. SLATTERY.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. INTOXICATING LIQUORS—ILLEGAL TRAFFIC—INJUNCTION—PETITION—SUFFICIENCY—INFORMATION AND BELIEF.

Liquor Tax Law, § 29 (Laws 1896, p. 71, c. 112, as amended by Laws 1897, p. 207, c. 312), provides that if any person unlawfully traffic in liquor without a liquor tax certificate, or contrary to any provision of the act, any taxpayer may seek injunction by a petition which "shall state the facts on which such allegations are based." Held, that a petition could not be based merely on information and belief, and one which was so framed, and was accompanied merely by what purported to be "evidence taken in an investigation in the village * * * in star chamber session," in the form of questions and answers by certain witnesses, unsigned by them, but accompanied by affidavit of petitioner and another that they were present and heard the witnesses testify, was insufficient.

Chester and Houghton, JJ., dissenting.

Appeal from Special Term.

Petition by C. A. Wheaton against Patrick J. Slattery to enjoin defendant from alleged illegal traffic in intoxicating liquor. From a decree for plaintiff, defendant appeals. Reversed.

Appeal by the defendant from an order of a justice of the Supreme Court dated January 2, 1904, and entered in the office of the clerk of the county of Broome on the 6th day of January, 1904, overruling special objections made by the defendant to the sufficiency of the applicant's petition, which petition asked that the defendant be enjoined from trafficking in liquors until he had obtained a liquor tax certificate, and which order also appointed a referee to take proof in relation to the allegations of the petition, and report the evidence to said justice. That part of said petition relating to the alleged unlawful trafficking in liquor is made upon information and belief, and the petition states that "the source of your petitioner's knowledge, information, and belief is the sworn testimony of the said Martin, Bundy, and various others, given before E. D. Jester, Esq., justice of the peace of the town of Sanford, Broome county, New York, on the 25th day of November, 1903, copies of whose testimony are hereunto annexed and made a part hereof."

The copy of testimony mentioned in and annexed to the petition consists of a paper headed:

"Court of Special Sessions.

"Deposit, Broome County, New York.

"Before Justice of Peace E. D. Jester.

"The People of the State of New York against John Doe.

"Evidence taken in an investigation at the village of Deposit, in the town of Sanford, Broome county, New York, on Wednesday, November 25, 1903, in star chamber session in town hall in the said town and village."

Following this heading is what purports to be a transcript of questions to and answers by certain witnesses. It bears no evidence of ever having been signed by the witnesses, but at the end of the alleged questions and answers of the witnesses, respectively, is a copy statement as follows:

"I, E. D. Jester, Justice of the Peace of the town of Sanford, Broome county, New York, do hereby certify that the above is the testimony given by S. R. Titus, witness sworn in behalf of the people in the above-entitled proceeding.

"Dated Deposit, N. Y., Dec. 9th, 1903.                    E. D. Jester,

"Justice of the Peace of Town of Sanford."

Also connected with the petition is an affidavit of the petitioner and one other person that he was present at the said examination, and heard the witnesses testify as set forth in the transcript of testimony attached to the petition.

An order for the defendant to show cause was granted, and on the return day thereof the defendant appeared specially by counsel for the purpose of objecting to the jurisdiction of the court on grounds stated in detail by him, relating to the sufficiency of the petition. The court overruled the defendant's preliminary objections, and made the order appealed from. The defendant did not appear in the proceeding.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

E. D. Cumming (H. D. Hinman, of counsel), for appellant.

Stewart & Baker, for respondent.

CHASE, J. Section 29 of the liquor tax law (chapter 112, p. 71, Laws 1896, as amended by chapter 312, p. 207, Laws 1897) provides:

"If any corporation, association, copartnership or person shall unlawfully traffic in liquor without obtaining a liquor tax certificate, as provided by this act, or shall traffic in liquors contrary to any provision of this act * * * any taxpayer residing in the county, may present a verified petition to a justice of the Supreme Court or a Special Term of the Supreme Court of the ju-

dicial district in which such county is situated, for an order enjoining such corporation, association, copartnership or person from trafficking in liquor thereafter. Such petition shall state the facts upon which such allegations are based. Upon the presentation of the petition, the justice or court shall grant an order requiring such corporation, association, copartnership or person to appear before him, or before a Special Term of the Supreme Court of the judicial district on the day specified therein, not more than ten days after the granting thereof, ·to show cause why such corporation, association, copartnership or person should not be permanently enjoined from trafficking in liquor, until a liquor tax certificate has been obtained in pursuance of law, or why such corporation, association, copartnership or person should not be permanently enjoined from trafficking in liquors contrary to the provisions of the liquor tax law. * * *"

This proceeding is not instituted for the purpose of revoking and canceling a liquor tax certificate, nor for the collection of a penalty; neither is it a criminal proceeding, in the sense that criminal punishment is sought herein. It is a proceeding specially authorized by the liquor tax law, by which it is sought to make the defendant liable · for contempt of court in case of further violations.

In Matter of Peck, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888, which was a proceeding to revoke and cancel a liquor tax certificate pursuant to subdivision 2, § 28, of said law, the petition was made on information and belief, and the court, in referring to the statute, say:

"It does authorize any citizen to commence such a proceeding by petition to a judge or the court, but it expressly provides that the 'petition shall state the facts upon which said application is based.' When the law requires that the facts shall be stated, as the basis of a summary proceeding to forfeit the right to carry on business by reason of acts which constitute a crime, it is not complied with by the presentation of a petition, every allegation of which is upon information and belief, without even a statement of the sources of the information or the grounds of the belief. The liberty and property or personal . rights of the citizens have practically no protection, if they can be taken away or destroyed by such a proceeding on the part of any one who is willing to become a party to such a controversy, and without producing any proof whatever of the acts constituting the offense charged. The least that should be required in such a case is that the petition should state the facts positively upon oath, unless the statute expressly permits a statement upon information and belief, and this statute does not. A special statutory requirement that a party must state certain facts as a basis for an order revoking a certificate of the right to carry on a certain business is not satisfied or complied with by a mere statement that the moving party suspects or is informed and believes that the particular facts exist, or that the party charged has committed the forbidden acts in violation of law. This principle would seem to be specially applicable to a case like this, where the acts charged, and which are at the foundation of the proceeding, not only subject a party to a penalty or a forfeiture, but are also crimes, and punishable criminally."

In Matter of Cullinan, 76 App. Div. 362, 78 N. Y. Supp. 466, which also was an application to revoke and cancel a liquor tax certificate, the petition was made by the State Commissioner of Excise on information and belief; but it was accompanied by the positive affidavits of two other persons, which affidavits were made a part of the petition. The defendant objected to the sufficiency of the formal petition because it was made on information and belief. The court say:

"We should find no difficulty in concurring in this view, were it true that the petition in the matter now before us did not state the facts positively. Such was the defect in the petition before the court in Matter of Peck v. Car-

gill, supra, and tne court were unanimously of the opinion that it was insufficient. But in the matter now before us, while the formal petition of the State Excise Commissioner is made on information and belief, as it necessarily must be in a large majority of cases in which he is called upon to act, the petition is accompanied by the affidavits of two men; and these affidavits are made a part of the petition, in which they detail minutely the facts on which the petition is based, and these affidavits allege, upon the personal knowledge of the men making them, the violations of the liquor tax law, which, if established, justify the revocation of the certificate."

Referring to said commissioner, the court further say:

"He is authorized to take the initiative, and his petition, when containing the facts sworn to by those who are in a position to know, is sufficient, in law, for the purpose of giving the court jurisdiction."

The statutory requirement for the petition in said section 29 is in substantially the same language as that contained in subdivision 2 of said section 28. The only difference consists in the use of the word "allegations" in said section 29 in place of the word "application," as used in said section 28. The distinction between "allegations" and "facts" is strongly emphasized by said section 29. The allegations of a petition, unless stated upon the petitioner's personal knowledge, and as facts, so that the court can weigh their value, do not comply with the statute. The facts must be stated, because the statute requires it. Mere averments are not proof, or the statement of facts. Hoormann v. Climax Cycle Co., 9 App. Div. 579–585, 41 N. Y. Supp. 710. We see no reason for construing the language of said section 29, when applied to the proceeding therein mentioned, any differently than it has been construed by the courts when applied to the proceeding under subdivision 2 of said section 28. Where the same language is used in different parts of the same act, it is presumably intended to convey the same meaning. People ex rel. J. B. Lyon Co. v. McDonough, 76 App. Div. 257, 78 N. Y. Supp. 462. The proceeding should be considered as a penal proceeding. Matter of Hunter, 34 Misc. Rep. 389, 69 N. Y. Supp. 908, affirmed 59 App. Div. 626, 69 N. Y. Supp. 1137.

In People v. Windholz, 68 App. Div. 552, 74 N. Y. Supp. 241, which was an action to recover a penalty under the agricultural law (chapter 338, p. 655, Laws 1893), an injunction was sought against further violations, as provided by section 10 of said agricultural law. The court say:

"It seems to us, furthermore, that there was not sufficient legal evidence in the affidavits upon which the injunction was granted that the appellant had been guilty of the violations alleged in the complaint. It was not shown that the vinegar came from appellant at all. All the evidence upon that subject was merely hearsay. The people could readily have obtained competent evidence, but neglected to do so. Nor was the evidence sufficient, under the statute, to show that the vinegar was adulterated. * * * These injunctions should not be granted except upon affidavits sufficient, under the statute, to show violations thereof. There is no reason for any looseness or carelessness in the preparation of the affidavits, and the defendant's business should not be interfered with by such an injunction unless the statutory requirements are found in the affidavits. We are unwilling to establish any precedent of sustaining injunctions issued upon inadequate proof."

The important facts stated in the petition before us are wholly hearsay. There is nothing before the court relating to the violations of

the liquor tax law upon which any person could be convicted of perjury in case it finally appears that the liquor tax law has not been violated. The petitioner simply states that he has been informed by certain persons that the statute has been violated. It does not make the allegations of the petition any less hearsay because the petitioner heard the statements made after an oath had been administered to the persons from whom he obtained his information. The proceeding before the justice of the peace is denominated by him an investigation "in star chamber session." It does not appear by what authority the investigation was conducted. So far as appears an information had not been laid before the magistrate of the commission of a crime, and the examination held pursuant to sections 148 and 149 of the Code of Criminal Procedure. The depositions were not subscribed by the witnesses, and the copy paper attached to the petition was not of itself evidence of the statements contained in it.

It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. A witness would not be allowed on the trial of a cause, in any court, to give evidence of a fact which he only knew from information derived from another, or which he simply believed to be true. The commonest process in our courts designed to affect the property or person of a party, which do not issue of course, cannot be properly obtained upon sworn statements made upon information and belief only. Mowry v. Sanborn, 65 N. Y. 581–584.

Assuming that on an application of this kind there may be circumstances which would justify the consideration of statements made on information and belief, no circumstances have been shown in this case which would justify their consideration. So far as appears, each of the persons named by the petitioner resides in the village with the petitioner, and their affidavits could have been obtained, and annexed to the petition, and used therewith. No reason is stated for the failure on the part of the petitioner to so obtain such or other affidavits. Steuben County Bank v. Alberger, 78 N. Y. 25; McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541; Price v. Levy (Sup.) 87 N. Y. Supp. 740.

The order was granted on a petition of a person who had no personal knowledge of the facts constituting the violation, or of facts from which it could be inferred that the statute had been violated. The petition is the first step in the proceeding. The statement therein of facts upon which the allegations of the petition are based is essential to give the justice or court jurisdiction. Unless the petition gives the justice or court jurisdiction of the proceeding, every subsequent step is without authority.

The language of the court in the case of People v. Spencer, 55 N. Y. 1, in speaking of a proceeding to bond a town in aid of a railroad (Laws 1869, p. 2303, c. 907), is applicable to this case, and is as follows:

"The presentation of a proper petition lies at the basis of his jurisdiction. If any facts required to be stated are omitted, all subsequent proceedings are fatally defective. It does not aid the proceedings that the facts exist, or that they are in some other way, or at another stage of the proceedings, brought to the knowledge of the officer, or that the statement of them may seem unnecessary, in view of the inquiry and adjudication which he is authorized to

make. The statute prescribes the proof which is to be presented to the county judge. It is material, because the statute requires it."

The defendant also, among other things, objects to the petition because it is claimed by him that if all of the statements contained therein, including those on information and belief, and the copy depositions thereto attached, are true, they do not show that the defendant trafficked in liquors in the town of Sanford, Broome county, or that his hotel was in that town. We do not think it is necessary for us to consider the various objections made to the petition, other than as stated. If another application for an injunction is made, the petition can probably be so drawn as to obviate such objections.

The order should be reversed, with $10 costs and disbursements. All concur, except CHESTER and HOUGHTON, JJ., who dissent.