Third Appellate Department, March, 1905. Reported. 103 App. Div. 599.

In the Matter of the Petition of WILLIAM S. BARBER for an Injunction against FRED NORTON.

*J. Edward Singleton,* for appellant.

The court was not authorized to adjourn this proceeding under section 29 of the Liquor Tax Law, to enable the petitioner to make the State Commissioner of Excise a party.

The petition and affidavits were insufficient. A mere averment that "no liquor tax certificates have been issued in said town of Bolton, on or since May 1st, 1904, and said James Wilson has not now and has not had a liquor tax certificate or other authority for trafficking in liquors in said town of Bolton since May 1st, 1904," does not comply with the statute. (*Matter of Wheaton* v. *Slattery*, 96 App. Div. 102; *Hoorman* v. *Climax Cycle Co.*, 9 App. Div. 579.)

" The purpose of section 29 is not to punish past acts, but to prevent present violation of the Liquor Tax Law, and as there is no allegation that Wilson was selling liquor at the time the application for the order was made, and as the last violation is alleged to have occurred six weeks previous, the proceeding should have been dismissed."

The supporting affidavit alleges that deponent " bought a liquid preparation called ' two per cent' from said Norton at his hotel * * *. This preparation contained something that made it intoxicating. If a man drank enough it would make him drunk. It tasted to me like lager beer."

Every statement contained in said affidavit may apply with equal force to a bottle of vanilla, purchased at a grocery store. The fact that the preparation tasted like lager beer to deponent cannot be considered against the defendant. The Court of Appeals has decided that lager beer cannot be held to be intoxicating without proof of the fact. (*Blatz* v. *Rohrbach,* 116 N. Y. 450; *People* v. *Rau,* 63 N. Y. 277.)

*James H. Bain,* for respondent.

The petition is not made on information and belief, except the paragraph charging the sales of liquor, and this paragraph refers to the affidavits annexed and which are made a part of the petition, in which the sales are sworn to positively, and this has been approved in *Matter of Cullinan* v. *Micha* (76 App. Div. 362; affirmed, 173 N. Y. 610; *Matter of Wheaton* v. *Slattery,* 96 App. Div. 102.)

In *Matter of Hunter,* 34 Misc. 389, affirmed, 59 App. Div. 626, the petition did not show that the " beer " sold was fermented or malt liquor, hence no violation was charged, and the sale was made three months before the proceedings were begun. This was too remote.

The injunction does not deprive the defendant of any legal right, nor prevent him from doing anything which he has a legal right to do. He is enjoined only from the commission of a crime.