defendant agreed to pay therefor the sum of $175. The complaint further alleges the completion of the work, the filing of a mechanic's lien within the proper limit of time, the filing and approval of a bond, with the defendants Hannes and Ganz as sureties on same, and an order of this court, predicated on said bond, discharging and canceling the lien. The contract as alleged is not denied by the defendants, but payment of the amount asserted by the plaintiff to be due is sought to be avoided by the allegation that the stone and material furnished and the work performed were not in accordance with the terms of the contract entered into by the parties. Upon the trial of the action the defendants offered no proof and rested on plaintiff's case. The only proof adduced as to the terms of the contract, which we must assume from the record was an oral one, was that given by the witness Scanlon, who swears:

"I had a conversation with Mr. Isear about the job, and we agreed on a price to put in a brown stone stoop and coping for $175. To put in brown stone and coping on the job in Fourteenth street the price was $175. I think I saw him three times, and this agreement which I speak of was the result of these interviews."

No matter what may be said as to the character of such proof, it was admitted, without objection, and it is all the proof that is in the case as to what kind of stone the contract called for. The cross-examination did elicit that there was some talk about blue stone, and this, together with the statement of witness Isear that he ordered some one to write a letter about blue stone, is of no force whatever, in the light of the plain, unequivocal statement of what the contract was, the testimony as to which stands wholly unrefuted. Upon such a record the findings of the learned trial justice that the contract called upon plaintiff to supply and set up blue stone, etc., and that the plaintiff failed to comply with said contract, cannot be sustained, and the judgment based on same must be reversed. The lien sought to be foreclosed is a valid one. Gilmour v. Colcord, 183 N. Y. 342, 76 N. E. 273.

On the contention that the complaint does not allege that permission to sue the bondsmen had been obtained, and hence no judgment can be entered thereon, it is sufficient to say that this question was not raised on the trial and cannot be availed of on appeal.

Judgment and order reversed, and new trial granted, with costs to appellants to abide the event. All concur.

---

EICHNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 25, 1906.)

1. JUDGMENTS—VACATION—FRAUD.

Code Civ. Proc. § 1282, provides that a motion to set aside a final judgment for irregularity shall not be heard after the expiration of one year since the filing of the judgment roll. *Held*, that, in order to avoid the effect of such statute, a clear case of fraud must be established.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 743.]

2. SAME—MOTION—AFFIDAVIT—INFORMATION AND BELIEF.

An affidavit in support of a motion to set aside a judgment for misconduct of a juror, based solely on information and belief, and failing to set

out the sources of the information or the grounds of the belief, was fatally defective.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 751.]

Appeal from Special Term, New York County.

Action by Ettie Eichner against the Metropolitan Street Railway Company. From an order denying a motion to vacate a judgment entered on a verdict in favor of defendant, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Frank M. Hardenbrook, for appellant.

Marvin Wynne (Bayard H. Ames and Anthony J. Ernest, on the brief), for respondent.

PER CURIAM. The case was tried on the 12th and 13th days of May, 1904, and resulted in a verdict in favor of the defendant, on which verdict a judgment was entered on the 19th day of July, 1904. The motion for an order vacating the judgment and setting aside the verdict and granting a new trial upon the ground of misconduct of a juror was made on the 20th day of March, 1906. Section 1282 of the Code of Civil Procedure provides that "a motion to set aside a final judgment for irregularity, shall not be heard after the expiration of one year since the filing of the judgment roll." To avoid the effect of this statute, a clear case, based upon sufficient evidence of fraud, must be made out. The moving affidavit is made by the plaintiff, and is solely upon information and belief, without stating the sources of the information or the ground of the relief. In Matter of Peck v. Carghill, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888, the court held that a "petition in which all the material facts are stated upon information and belief, without disclosing the source of the information or the ground of the belief, is not sufficient basis for any judicial action"—citing Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590; Buell v. Van Camp, 119 N. Y. 169, 23 N. E. 538; Campbell v. Morrison, 7 Paige, 157; Cushing v. Ruslander, 49 Hun, 19, 1 N. Y. Supp. 505. This rule has been applied on motions to vacate attachments for insufficiency of the moving papers (Yates v. North, 44 N. Y. 274; Steuben County Bank v. Alberger, 78 N. Y. 258; Hunt v. Robinson, 52 App. Div. 539, 65 N. Y. Supp. 386); to affidavits of service by mail in an action for foreclosure (Mowry v. Sanborn, 65 N. Y. 581); in motions for an injunction (Rome v. Watertown & O. T. R. Co. v. Rochester, 46 Hun, 149, where the court said: "Such an affidavit proves nothing, and does not call upon or aid the court in determining any fact necessary to be determined in order to administer relief in any given case"; Matter of Wheaton v. Slattery, 96 App. Div., at page 108, 88 N. Y. Supp., at page 1074; Cupples Envelope Co. v. Lackner, 99 App. Div. 235, 90 N. Y. Supp. 954); and on orders of arrest (McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541; Price v. Levy, 93 App. Div. 274, 87 N. Y. Supp. 740).

As the papers, under the decisions above cited, presented no facts upon which the court at Special Term could act, the order appealed from was clearly right, and should be affirmed, with $10 costs and disbursements.