(Supreme Court, Special Term, Erie County. December, 1906.)

1. INTOXICATING LIQUORS—REVOCATION OF LIQUOR CERTIFICATES—PETITION—DEFECTS—WAIVER.

An objection to a petition, under Liquor Tax Law, Laws 1896, p. 69, c. 112, § 28, authorizing a citizen to commence a proceeding to forfeit the right to carry on the liquor traffic, for the cancellation of a liquor certificate, on the ground that the facts therein alleged are stated on information and belief, raised after answer, without suggesting the ground, and after consent to an order of reference, comes too late.

2. SAME.

A petition under Liquor Tax Law, Laws 1896, p. 69, c. 112, § 28, authorizing a citizen to commence a proceeding to forfeit the right to carry on the liquor traffic, alleged the material facts on information and belief. Respondent answered without suggesting a defect in the petition on that ground, and consented to an order of reference. The evidence returned by the referee justified an order of revocation. Held, that an order of revocation would be entered, and petitioner would be granted leave to amend his petition so as to make it conform to the proof.

In the matter of petition of Robert C. Stedler for an order revoking and canceling a liquor certificate issued to Edward A. Hammell. Certificate canceled.

Charles A. Hahl, for petitioner.
Edward J. Carona, for respondent.

WHEELER, J. This proceeding is brought for the revocation of a liquor tax certificate because the necessary consent of two-thirds of the property owners within 200 feet of the premises had not been obtained, and for the reason that the respondent in the application filed for the license made false answers touching that fact.

The petition on which the proceeding is based, together with the usual order to show cause, was presented to the court, at which time the respondent appeared by attorney and filed an unverified answer denying each and every allegation of the petition. Thereupon by and with the consent of respondent's attorney an order of reference to take and report the evidence was made and entered. Subsequently the parties appeared before the referee, at which time counsel for the respondents moved for a dismissal of the petition and of these proceedings, on the grounds that the petition is on information and belief, and that the material facts necessary for granting of an order are not stated other than on information and belief. The referee, however, proceeded with the hearing, and now reports the testimony and proceedings before him. The relator asks for the usual order canceling the license, while respondent's counsel renews his objection to the proceedings and the granting of the order upon the same grounds stated before the referee. It is conceded by counsel that the evidence returned warrants an order canceling the license, provided the objection made to the sufficiency of the petition is not well taken.

The only question, therefore, to be considered is whether the objection is good. It is held that section 28 of the liquor tax law (Laws 1896, p. 69, c. 112), authorizing a citizen to commence a proceeding to

forfeit the right to carry on the liquor traffic by the presentation of a petition which "shall state the facts upon which said application is based," is not satisfied or complied with by a petition which merely states that the petitioner is informed or believes that the particular facts exist which warrant the revocation of the license. Matter of Peck v. Cargill, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888; Matter of Wheaton v. Slattery, 96 App. Div. 102, 88 N. Y. Supp. 1074. The cases cited seem to proceed upon the theory that the right to carry on the sale of liquor under a license once granted is a property right; that the Legislature had seen fit to require, in view of the existence of this property right, that the facts upon which the application is based should be made upon personal knowledge, and not upon information and belief, because in cases of default the court is authorized to revoke the liquor license issued. The courts have, therefore, held that the action of the court should not be based on mere hearsay, but upon the testimony of those having knowledge of the truth of the allegations of the petition.

It is quite likely that the Court of Appeals in the case of Peck v. Cargill, 167 N. Y. 391, 60 N. E. 775, 53 L. R. A. 888, intended to go no further than to hold that a license could not be revoked upon failure to answer where the petition was upon information and belief only. It has been subsequently held that the court gets jurisdiction of the parties and subject-matter of a proceeding under the liquor tax law sufficient to order a reference to take legal proof even where the petition is on information and belief. Matter of Cullinan (Gallagher Certificate) 39 Misc. Rep. 354, 79 N. Y. Supp. 840. Even if in the case now under consideration the respondent had the right to have objected to the sufficiency of the petition, he failed to do so, and without so doing he appeared by attorney, answered the allegations of the petition, and consented to a reference to take proof. The evidence taken before the referee supplied all the necessary positive proof required to justify the court in acting. The element of hearsay evidence was eliminated, and in its stead the court now has before it direct and positive proof sustaining the allegations of the petition. The court should cancel the certificate in question unless the defects in the original petition vitiate all subsequent proceedings.

Respondent's counsel contends the defects of the petition are jurisdictional. Even conceding that the objection was good if it had been made in time, nevertheless, in this proceeding, the record shows the respondent appeared and answered and consented to a reference. In other words, this action on his part is tantamount to a consent to the court's taking jurisdiction. By these acts he in effect waived the right to insist on the insufficiency of the petition. Matter of Cullinan (Micha Certificate) 76 App. Div. 363, 78 N. Y. Supp. 466, affirmed 173 N. Y. 610, 66 N. E. 1106. As was stated in the case last cited, a party may waive a rule of law or statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no consideration of public policy or morals are involved; and, having once done so, he cannot subsequently revoke its protection—citing Sentenis v. Ladew, 140 N. Y. 463, 466, 35 N. E.

650, 37 Am. St. Rep. 569; Lee v. Tillotson, 24 Wend. 337, 35 Am. Dec. 624; Embury v. Conner, 3 N. Y. 511, 53 Am. Dec. 325; Matter of Cooper, 93 N. Y. 507.

If the respondent wished to insist on the defects of the petition, he should have raised the question as to its sufficiency when called on to answer. Instead, he not only answered without even suggesting the defects in his answer, but he consented to the order of reference. When the matter came on for hearing before the referee, the question was then raised for the first time. We think it was then too late, and, as the evidence returned concededly justifies the granting of the order of revocation, the relator is entitled to it, and also to the amendment to his petition making it conform to the proof.

Let such an order be entered, with costs of the proceeding.